The Wolf Law Firm, LLC
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
(732) 545-7900 – Phone, (732) 545-1030 – Fax

Law Offices of Glen H. Chulsky
410 Route 10 West, Suite 210
Ledgewood, NJ 07852
(973) 252-9000 – Phone, (973) 252-9100 – Fax
Attorneys for Plaintiff on behalf of himself
and those similarly situated

Rodolfo Hernandez, on behalf of
himself and those similarly situated,
Plaintiffs,

vs.

Miracle Financial, Inc., and John
Does 1 to 25,

Defendants.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Civil Action No. 11-4074(JLL)

**FIRST AMENDED
CLASS ACTION COMPLAINT
AND JURY DEMAND**

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself and others similarly situated for damages, declaratory and injunctive relief arising from Defendant's violations of § 1692 et seq. of Title 15 of the United States Code, the Fair Debt Collection Practices Act (FDCPA).

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331, as more fully set forth in Defendant's Notice of Removal filed on July 15, 2011.

3. Venue in this action properly lies in New Jersey as the Defendant is an out of state business entity that transacts business in Middlesex County and Plaintiff resides there.

## PARTIES

4.   Plaintiff Rodolfo Hernandez (hereinafter, Hernandez or Plaintiff) resides in Fairfield, New Jersey.

5.   Miracle Financial, Inc. (hereinafter, MFI), is a company with a main business address located in Linden, Michigan.

6.   Defendant John Does 1 to 25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

## ALLEGATIONS OF FACT

Plaintiff Rodolfo Hernandez says:

7.   At all times relevant, the principal purpose of MFI was the collection of debts using the mails and telephone.

8.   At all times relevant, MFI regularly attempted to collect debts alleged to be due to another.

9.   At all times relevant, MFI regularly collected or attempted to collect debts due or alleged to be due another.

10.   At all times relevant, MFI regularly collected or attempted to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

11.   At all times relevant, MFI used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts due or alleged to be due another.

12.   At all times relevant, MFI used the mail, telephone or other instruments of interstate commerce in its attempts to collect consumer debts owed or due or asserted to be owed or due another.

13. At all times relevant, the principal business engaged in by MFI was the collection of debts, which debts were incurred primarily for personal, family or household purposes.

14. MFI is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof.

15. MFI has been found to be a "debt collector" and/or has admitted to being a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof in lawsuits brought against them within the last two years alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.).

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

17. The debts alleged to be owed by the Plaintiff and others similarly situated are consumer debts.

18. Plaintiff and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

19. MFI sent Hernandez a letter dated June 10, 2010, a copy of which is attached as **Exhibit A**. Plaintiff's personal information has been redacted from the copy.

20. MFI's June 10, 2010 letter was an attempt to collect an amount allegedly due to Verizon Wireless.

21. MFI's June 10, 2010 letter was the first written communication that MFI sent to Hernandez concerning the alleged debt.

22. MFI's June 10, 2010 letter was the first written communication that Hernandez received from MFI concerning the alleged debt.

23. MFI's June 10, 2010 letter stated that the total amount that Hernandez owed Verizon Wireless was $5700.22.

24. The amount of $5700.22 that MFI alleged that Hernandez owed was identified in its June 10, 2010 letter as the "Total Amount Due".

25. In its June 10, 2010 letter, MFI alleged that the principal balance that Hernandez owed Verizon Wireless was $4830.70.

26. The amount that MFI stated was due from Hernandez in its June 10, 2010 letter included an amount for "VZW Collection Fee" in the amount of $869.52. The $869.52 fee is precisely 18% (rounding down to the nearest penny) of the alleged $4,830.70 account balance, reflecting a contingency agreement between VZW and MFI rather than a pre-paid, flat fee.

27. Upon information and belief, the applicable agreement between Hernandez and Verizon Wireless contained a provision that stated: "WE MAY ALSO CHARGE YOU FOR ANY COLLECTION AGENCY FEES THAT WE ARE CHARGED BY A COLLECTION AGENCY WE USE TO COLLECT FROM YOU IF IT IS PERMITTED BY THE LAW OF THE STATE WHERE YOU HAVE YOUR BILLING ADDRESS…"

28. At the time that MFI sent the June 10, 2010 letter, Hernandez did not owe Verizon Wireless "VZW Collection Fee" of $869.52.

29. At the time that it sent the June 10, 2010 letter to Hernandez, MFI had not billed Verizon Wireless for "VZW Collection Fee" in the amount of $869.52.

30. At the time that it sent the June 10, 2010 letter to Hernandez, MFI had not charged Verizon Wireless for "VZW Collection Fee" in the amount of $869.52.

31. On March 18, 2011 (about 8 months after MFI sent its collection letter) another debt collector, Chase Receivables, sent Hernandez a letter attempting to collect on the same VZW account, a copy of which is attached as **Exhibit B.**

32. Hernandez had not made any payments on the VZW account during the time between MFI's June 10, 2010 letter and Chase Receivables' March 18, 2011 letter.

33. Chase Receivables' March 18, 2011 letter only demanded the principle account balance of $4,828.43 (which for unknown reasons is $2.37 less than the principle account balance demanded in MFI's June 10, 2010 letter), and did not demand the $869.52 collection fee previously demanded by MFI.

34. On April 21, 2011, Chase Receivables provided an itemized invoice of the $4,828.43 demanded in the March 18, 2011 letter (a copy of which is attached as **Exhibit C**), which confirmed that the $4,828.43 included the principle account principle balance only, and did not include the $869.52 collection fee demanded by MFI in its June 10, 2011 letter.

35. In fact, the April 21, 2011 invoice displayed Chase Receivables' 18% fee ($869.11, which is 42 cents less than the $869.52 fee demanded by MFI), but shows that Chase Receivables properly refrained from attempting to collect that fee from Hernandez.

36. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, MFI sent initial collection letters attempting to collect debts on behalf of Verizon Wireless to more than 100 consumers residing within the State of New Jersey.

37. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, MFI sent initial collection letters attempting to collect debts on behalf of Verizon Wireless to more than 100 consumers residing within the State of New Jersey in which it demanded an amount for "VZW Collection Fee".

38. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, MFI sent initial collection letters attempting to collect debts on behalf of Verizon Wireless to more than 100 consumers residing within the State of New Jersey in which it demanded an amount for collection fees that wasn't due as of the dates of the letters.

39. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, MFI sent initial collection letters attempting to collect debts on behalf of Verizon Wireless to more than 100 consumers residing within the State of New Jersey in which it demanded an amount for collection fees that had not yet been charged to Verizon Wireless as of the date the initial collection letter was sent.

40. MFI knew or should have known that its actions violated the FDCPA.

41. MFI could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ACTION ALLEGATIONS

42. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules. Plaintiff brings this action on behalf of himself and others similarly situated. The Class is initially defined as follows:

> All New Jersey consumers who: A) had a Verizon Wireless contract with a similar collection fee provision as that contained in Plaintiff's contract with Verizon Wireless; B) who were sent initial collection letters from MFI on behalf of Verizon Wireless, within the appropriate statutory period, where MFI demanded an amount due as a collection charge; and C) no collection fee had been billed or charged by MFI to Verizon Wireless for any collection service as of the date the initial collection letter was sent.

The class may be subsequently refined. Specifically excluded from this class is any entity in which MFI has a controlling interest, and the officers, directors, employees, affiliates,

subsidiaries, legal representatives, heirs, successors and its assigns of any entity, together with any immediate family member of any officer, director or employee of said companies. Also excluded from the Class is any Judge presiding over this Action and members of their immediate families.

43. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

44. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

45. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals. These common questions include, but are not limited to:

> A. Whether MFI's demand for an amount as a collection fee on an initial collection letter violates the FDCPA when that amount had not yet been charged or billed to Verizon Wireless;
>
> B. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of MFI' wrongdoing and, if so what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution;
>
> C. Whether Plaintiff and the Class have been injured by MFI's conduct;
>
> D. Whether MFI violated the FDCPA by seeking an amount for collection fees in its initial collection letters to Plaintiff and the Class;
>
> E. Whether MFI has violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(10), § 1692f and § 1692f(1); and
>
> F. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual class members are significant, the amount may be modest compared to

the expense and burden of individual litigation. Additionally, the FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

47. The claims of the Plaintiff are typical of the claims of the members of the Class.

48. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

49. Plaintiff does not have interests antagonistic to those of the Class.

50. The Class, of which Plaintiff is a member, is readily identifiable.

51. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel has investigated and identified potential claims in the action; has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

52. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for MFI in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

53. MFI has acted or refuse to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

54. Plaintiff does not anticipate any difficulty in the management of this litigation.

## FIRST CLASS COUNT
### Fair Debt Collection Practices Act Violations

55. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

56. MFI violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

57. MFI violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from Plaintiff and others similarly situated.

58. By demanding an amount for collection fees in its initial collection letters to Plaintiff and others similarly situated when said collection charges weren't yet, if at all, due, MFI violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

59. By representing to Plaintiff and others similarly situated that an amount was due for collection fees in its initial collection letters when said collection charges weren't yet, if at all, due pursuant to the underlying contracts or weren't permitted by law, MFI violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

60. MFI violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the alleged debts in its initial collection letters to Plaintiff and others similarly situated.

61. MFI violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

62. MFI violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated.

63. MFI violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount from Plaintiff and others similarly situated that was not expressly authorized by the agreement creating the debt or permitted by law.

64. The violations of the FDCPA described herein constitute *per se* violations.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against MFI as follows:

A. For injunctive relief prohibiting MFI future violations of the FDCPA (15 U.S.C. § 1692 et seq.) as set forth herein and requiring MFI to comply with these statutes and all applicable regulations;

B. For declaratory judgment that MFI violated the FDCPA (15 U.S.C. § 1692 et seq.);

C. For compensatory damages;

D. For maximum statutory damages under the FDCPA (15 U.S.C. § 1692 et seq.) and all other applicable statutes;

E. For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3) and all other applicable statutes;

F. For restitution of all improperly collected collection fee charges which MFI collected from Class Members;

G. For an accounting of the date and amount of all collection fees which MFI billed to Verizon Wireless for each Class Member during the class period;

H. For pre-judgment and post-judgment interest; and

I. For such other and further relief as Plaintiff and others similarly situated may be entitled or as the Court deems equitable and just

### JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Andrew R. Wolf, Esq. is hereby designated as trial counsel for the Plaintiff in the above matter.

### CERTIFICATION

Pursuant to R. 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party who should be joined in the action at this time.

                                     s/ Henry P. Wolfe
                                     Henry P. Wolfe, Esq.
                                     The Wolf Law Firm, LLC
                                     Attorneys for Plaintiff and those similarly situated

Dated: September 16, 2011

# EXHIBIT A

## TO FIRST AMENDED CLASS ACTION COMPLAINT

HERNANDEZ V. MIRACLE FINANCIAL, INC. Civil Action No. 11-4074(JLL)



P.O. Box 505
Linden MI 48451-0505
ADDRESS SERVICE REQUESTED

*Miracle Financial, Inc.*
Phone: (800)357-2991
Mon-Fri 8:30am - 8pm  Sat 9am - 12pm

June 10, 2010

#BWNKGZZ
#TYDE17FF69#   1765419-301 - 817
Rodolfo Hernandez
REDACTED

REMIT TO:
Miracle Financial, Inc.
52 Armstrong Rd
Plymouth MA  02360-4807

*** Please detach and return with your payment ***

301-MIRC1301TYDE17FF69

Original Creditor: Verizon Wireless
Client Ref #: 028542145600001
**Account#: 1765419**
Principal Balance:  $4830.70
VZW Collection Fees:  $869.52
Total Amount Due:  $5700.22

Dear: RODOLFO

Your Verizon Wireless account for Cell Phone number 732-425-2582 has been placed for debt collection activity with Miracle Financial, Inc for the full balance due of $5700.22.

Please contact us at (800)357-2991 for assistance and refer to **account # 1765419**.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Miracle Financial, Inc.  •  52 Armstrong Rd  •  Plymouth MA 02360  •  Phone: (800)357-2991

# EXHIBIT B

## TO FIRST AMENDED CLASS ACTION COMPLAINT

HERNANDEZ V. MIRACLE FINANCIAL, INC. Civil Action No. 11-4074(JLL)

1247 Broadway
Sonoma, CA 95476

|IIIIII IIII IIII IIII IIIII IIII IIII IIII III
PERSONAL & CONFIDENTIAL

Address Service Requested

#BWNFTZF #CHRC65744103171#
IIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIIII
RODOLFO HERNANDEZ 01875164-EA

**REDACTED**

CHASE RECEIVABLES
A Professional Collection Agency
800-622-0484

March 18, 2011

Send payments/Correspondence To:
**Chase# 01875164-EA   VZ**

IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE THIS PORTION WITH YOUR PAYMENT

*Office Handling Your Account:*
*Office Hours:*
PLEASE CALL BETWEEN
Monday-Friday 6:00am to 6:00pm PST
Saturday 6am to 2:30pm PST

CREDITOR: VERIZON WIRELESS-NORTHEAST
CREDITOR ACCT#: 028542145600001
ACCT#: 01875164
AMOUNT DUE:  4,828.43

Dear RODOLFO HERNANDEZ,

This letter is to inform you of a special offer to resolve you overdue account with our client. We apologize that a possible hardship or pitfall may have prevented you from satisfying your obligation. It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your outstanding debt. We are presenting four options that will enable you to avoid further collection activity being taken against you.

OPTION 1: A settlement of **50% OFF** of your current balance, **SO YOU ONLY PAY $2,414.22 in ONE PAYMENT** that must be received in this office on or before **MARCH 31st, 2011**.

OPTION 2: A settlement of **40% OFF** of your current balance, **SO YOU ONLY PAY $2,897.06 in ONE PAYMENT** that must be received in this office on or before **APRIL 15th, 2011**.

OPTION 3: A settlement of **30% OFF** of your current balance, **SO YOU ONLY MAKE TWO PAYMENTS OF $1,689.95 EACH** the first payment must be received on or before **APRIL 15th, 2011** and the second by **MAY 15th, 2011**.

OPTION 4: Monthly payment plan on full balance.

If you are interested in taking advantage of one of these terrific opportunities or if you have any questions, you MUST contact our office as soon as possible at 800-622-0484 (toll free). When you call, please let your representative know that you have received the CHASE Receivables Option Letter and tell us whether you would like to take advantage of the SETTLEMENT OPTION or the PAYMENT Option.

If we do not hear from you, we are forced to assume that you do not intend to resolve your obligation on a voluntary basis and we will recommend that our client proceed with further collection activity.

Sincerely,

Chase Receivables

**You have 5 easy payment options:**

1. Send us a check-Make all checks payable to Verizon Wireless and send to the payment address above.
2. Pay via a Credit Card.
3. Pay via Western Union.
4. Pay via the web www.chaserec.com/paymethod.php PIN# 40776. *
5. Call us at the number shown above and one of our representatives will be happy to assist you!

* Selecting this option enables you to make a payment 24 hours a day, 7 days a week - and you do not need to speak to a representative.

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A COLLECTION AGENCY.

# EXHIBIT C

## TO FIRST AMENDED CLASS ACTION COMPLAINT

HERNANDEZ V. MIRACLE FINANCIAL, INC. Civil Action No. 11-4074(JLL)

```
                              **CHASE RECEIVABLES**
                                 1247 BROADWAY

                              SONOMA CA , 954769005
ACCOUNT ITEMIZATION           PHONE: 800-540-7336          APR 21, 2011  13:09
```

RODOLFO HERNANDEZ

**REDACTED**

THE FOLLOWING IS AN ITEMIZATION OF YOUR ACCOUNTS AS OF APR 21, 2011 .
PLEASE RETAIN THIS COPY FOR YOUR RECORDS.  FOR YOUR CONVENIENCE WE HAVE
INCLUDED ALL INTEREST PAID LAST YEAR AND THIS CURRENT YEAR TO DATE.

N O T I C E     THE FEDERAL LAW REQUIRES WE INFORM YOU THAT THIS IS AN ATTEMPT
BY A DEBT COLLECTOR TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

ITEMIZATION CONTINUED

SINGLE ACCOUNT: HERNANDEZ , RODOLFO                          APR 21, 2011
                                                             DESK: 69

```
     ACCOUNT #:  1875164  CLIENT DEBTOR #:    028542145600001
                                                             DESK: 69
OUR CLIENT NAME:    VERIZON WIRELESS-NORTHEAST
FOR:                VN0070                  INTEREST AT: 00% FROM DATE OF REFERRAL
DATE OF REFERRAL:12/16/10    DATE OF SERVICE: 05/30/10   DATE OF LAST PMT:

AMOUNT REFERRED:       $    4828.43
PRINCIPAL BALANCE:     $    4828.43               DETAIL OF OTHER CHARGES
ACCUMULATED INTEREST:  $       0.00               -----------------------
OTHER CHARGES:         $       0.00               FEES              $   -869.11
COURT COSTS:           $       0.00               Collection Fee    $    869.11
ATTORNEY FEES:         $       0.00
OTHER:                 $       0.00
INTEREST:              $       0.00

ACC'T BAL:             $    4828.43
```

PAYMENT TRANSACTION HISTORY

| TYPE | DATE | PAYMENT AMOUNT | PAID ON PRINCIPAL | PAID ON INTEREST | PAID ON OTHER CHGS | PAID ON COURT COST | PAID ON ATTY FEES | PAID ON OTHER |
|---|---|---|---|---|---|---|---|---|
| | | | | *NO PAYMENTS THIS ACCOUNT* | | | | |
| GRAND TOTAL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

```
TOTAL DUE ON ALL ACCOUNTS                4828.43
TOTAL INTEREST PAID FOR 2010                0.00
TOTAL INTEREST PAID TO DATE FOR 2011        0.00
```

**PLEASE SEND PAYMENTS
AND CORRESPONDENCE TO:**

**1247 BROADWAY
SONOMA, CA 95476**