## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODOLFO HERNANDEZ, on behalf of himself and those similarly situated, | Civil Action No:  11-4074(JLL)(MAH) |
| Plaintiffs, | |
| vs. | **MOTION DAY**:  November 7, 2011 |
| | **ORAL ARGUMENT REQUESTED** |
| MIRACLE FINANCIAL, INC. and JOHN DOES 1 TO 25, | |
| Defendants. | |

## MEMORANDUM OF LAW OF DEFENDANT MIRACLE FINANCIAL, INC.
## IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS
## ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)

**LITE DEPALMA GREENBERG, LLC**
Mayra V. Tarantino
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
(973) 623-3000
mtarantino@litedepalma.com

*Attorneys for Defendant*
*Miracle Financial, Inc.*

293720 v1

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ..................................................................................1

FACTS AND PROCEDURAL HISTORY .................................................................2

STANDARD OF REVIEW .......................................................................................4

ARGUMENT ............................................................................................................6

I.      THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ..........................................................................................6

        A.     THE AMENDED COMPLAINT IS WHOLLY DEFICIENT UNDER *TWOMBLY* .........................................................................................6

        B.     PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER 15 U.S.C. § 1692f AND §1692f (1) ..........................................................................10

        C.     PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER 15 U.S.C. §§1692e, 1692e(2)(A) AND 1692e(10) ...........................................................13

II.     PLAINTIFF MAY NOT SEEK EQUITABLE RELIEF UNDER THE FDCPA..............17

CONCLUSION.........................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

*Agostino v. Quest Diagnostics Inc.*,
    256 F.R.D. 437 (D.N.J. 2009) ........................................................................17

*Ashcroft v. Iqbal*,
    129 S.Ct. 1937 (2009) ....................................................................................5

*Baker v. G.C. Services Corp.*,
    677 F.2d 775 (9th Cir. 1982) .........................................................................14

*Bell Atlantic v. Twombly*,
    550 U.S. 544 (2007) .............................................................................. *passim*

*Conley v. Gibson*,
    355 U.S. 41 (1957) ....................................................................................5, 11

*Ducrest v. Alco Collections, Inc.*,
    931 F. Supp. 459 (M.D. La. 1996) ...............................................9, 13. 15, 16

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ........................................................................5, 6

*Graziano v. Harrison*,
    763 F. Supp 1269(D.N.J.) .............................................................................16

*Kennedy v. United Collection Bureau*,
    No. 09-cv-05480 (DRD)(MAS), 2010 WL 445735 (D.N.J Feb. 3, 2010) ................ *passim*

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192, 1196 (3d Cir. 1993) ...............................................................3

*Transamerica Financial Services, Inc. v. Sykes*,
    171 F.3d 553 (7th Cir. 1999) ...................................................................12, 15

*Weiss v. Regal Collections*,
    385 F.3d 337 (3d Cir.2004)...........................................................................17

## <u>STATUTES & RULES</u>

15 U.S.C. § 1692.............................................................................................1, 7

15 U.S.C. § 1692a(6). ........................................................................................2

15 U.S.C. U.S.C. § 1692e .................................................................................4, 7, 13, 15

15 U.S.C. § 1692g ..........................................................................................................9

15 U.S.C. § 1692e(10) ..........................................................................................passim

15 U.S.C. § 1692f .................................................................................................passim

15 U.S.C. § 1692f(1)..............................................................................................passim

28 U.S.C. §§ 1441 and 1446 ..........................................................................................4

28 U.S.C. § 1331 ...........................................................................................................4

Fed. R. Civ. P. 8(a)(2) ....................................................................................................8

Rule 12(b)(6)................................................................................................2, 4, 5, 6

## PRELIMINARY STATEMENT

Plaintiff Rodolfo Hernandez ("Mr. Hernandez" or "Plaintiff") brings this putative class action on behalf of himself and similarly situated New Jersey Verizon Wireless[1] consumers for alleged violations by Miracle Financial, Inc. ("Miracle Financial") of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Specifically, Plaintiff alleges that Miracle Financial violated the FDCPA by including a "VZW Collection Fee" in its initial and only collection letter to Plaintiff. ¶¶26, 28-30.[2] Plaintiff alleges that because Miracle Financial had not billed or charged Verizon Wireless for its collection services as of the date of the collection letter, the inclusion of a collection fee violated the FDCPA. ¶¶26, 28-30, 37-39, 42, 45. Plaintiff does not allege, however, that any amounts were collected by Miracle Financial for either the Principal Balance or the VZW Collection Fee. ¶32.

Plaintiff's claims fail as a matter of law. As a threshold matter, the Amended Complaint is completely deficient under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). The Amended Complaint does not contain any facts that show that Plaintiff is entitled to relief. Instead, it is riddled with threadbare recitals of the statutory provisions of the FDCPA.

More importantly, the crux of the Amended Complaint is that Miracle Financial violated the FDCPA when it sent Mr. Hernandez the June 10, 2010 collection letter, which included the VZW collection fee when "said collection charges weren't yet, if at all, due, . . ." ¶¶58-59. Reported decisions in this and other jurisdictions, however, make clear that the purpose of the FDCPA is to monitor the activity of debt collectors not the validity of the underlying debt. Thus, whether Miracle Financial had billed or charged Verizon Wireless as of the time of the June 10,

---

[1] Verizon Wireless is not a party to this action.

[2] References to the First Amended Class Action Complaint and Jury Demand ("Amended Complaint") shall appears as "¶" or "¶¶" followed by the paragraph number(s).

2010 letter has no bearing in a FDCPA analysis.  The Honorable Dickinson R. Debevoise, Senior

U.S.D.J. in *Kennedy v. United Collection Bureau*, No. 09-cv-05480 DRD-MAS, 2010 WL

445735, at *1 (D.N.J Feb. 3, 2010), an FDCPA case that mirrors the present case, rejected a

similar argument and dismissed plaintiff's complaint with prejudice.

     Because the facts as alleged in the Amended Complaint fail to state a claim upon which

relief can be granted, Plaintiff's individual claim and the class action claims should be dismissed

pursuant to FED. R. CIV. P. 12(b)(6).

## FACTS AND PROCEDURAL HISTORY

     Miracle Financial is alleged to be a debt collector within the meaning of 15 U.S.C. §

1692a(6).  ¶14.  On June 10, 2010, on behalf of Verizon Wireless, Miracle Financial mailed Mr.

Hernandez a collection letter for monies owed Verizon Wireless for cellular service. ¶¶19-20,

23-27.  A copy of the collection letter is attached to the Amended Complaint as Exhibit A.  This

was the first and only attempt by Miracle Financial to collect on the debt. ¶¶21-22, 32.

     Pursuant to 15 U.S.C. § 1692g, the collection letter to Mr. Hernandez included the

following information:  (1) the total amount of the debt ($5,700.22 consisting of a Principal

Balance of $4830.70 and VZW Collection Fee of $869.52); (2) the name of the creditor (Verizon

Wireless); (3) a statement that Mr. Hernandez had 30 days after receipt of the debt collection

notice to dispute the validity of debt or any portion thereof, otherwise the debt would be assumed

to be valid; (4) a statement that if Mr. Hernandez notified Miracle Financial in writing within 30

days after receiving the notice, Miracle Financial would obtain verification of the debt or obtain

a copy of the judgment and mail a copy of such judgment or verification to Mr. Hernandez; and

(5) a statement that if Mr. Hernandez, within 30 days from receipt of the debt collection notice,

requested in writing the name and address of the original creditor if different from the current creditor, Miracle Financial would provide same. *See* Amended Complaint, Exhibit A.

Mr. Hernandez does not dispute that he owes Verizon Wireless the principal balance of $4,830.70.  ¶¶32-34.  Mr. Hernandez's dispute arises from the $869.52 VZW Collection Fee. ¶¶28-30, 42.  Verizon Wireless sought collection of the VZW Collection Fee pursuant to the terms of its agreement with Mr. Hernandez.  ¶27.  Verizon Wireless was authorized to add the $869.52 VZW Collection Fee under Mr. Hernandez's customer agreement. *See* Certification of Robert Dumais in Support of Miracle Financial, Inc.'s Motion to Dismiss ("Dumais Cert.") at ¶¶6-7.[3]

On or about June 8, 2011, Plaintiff filed a Class Action Complaint and Jury Demand ("Original Complaint") on behalf of himself and a purported class of New Jersey Verizon Wireless consumers for alleged violations of the FDCPA in the Superior Court of New Jersey, Middlesex County (ECF No. 1).  Plaintiff alleges that at the time Miracle Financial sent him the June 10, 2010 collection letter, Mr. Hernandez did not owe Verizon Wireless the $869.52 VZW Collection Fee, Miracle Financial had not billed Verizon Wireless the $869.52 VZW Collection Fee, and Miracle Financial had not charged Verizon Wireless the $869.52 VZW Collection Fee. ¶¶28-30.  Plaintiff alleges that Miracle Financial sent more than 100 consumers within the State of New Jersey similar letters on behalf of Verizon Wireless. ¶¶36-39.

---

[3] Attached as Exhibit A to the Certification of Robert Dumais is a copy of Mr. Hernandez's Verizon Wireless Customer Agreement referenced in the Amended Complaint.  Attached as Exhibit B to the Certification of Robert Dumais are copies of Verizon Wireless's records of Mr. Hernandez's electronic consent to the terms and conditions of his Verizon Wireless Customer Agreement.  *See* Dumais Cert., ¶6, Ex. A & B. "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

Plaintiff alleges that Miracle Financial, by representing to Plaintiff and others similarly situated that an amount was due for collection fees and demanding same in its initial collection letters when "said collection charges weren't yet, if at all, due, [Miracle Financial] violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. U.S.C. § 1692e, U.S.C. § 1692e(2)A), U.S.C. § 1692e(10), U.S.C. § 1692f and U.S.C. § 1692f(1)." ¶¶58-64.

On July 15, 2011, Miracle Financial filed a Notice of Removal removing this matter from the Superior Court of New Jersey, Middlesex County to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 (ECF No. 1).  On August 2, 2011, Miracle Financial filed an Amendment to Notice of Removal clarifying that the basis of removal was based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 only (ECF No. 5).

On August 26, 2011, Miracle Financial filed a motion to dismiss the Original Complaint pursuant to Fed. R. Civ. P. 12(b)(6). While Miracle Financial's motion was pending, on September 16, 2011, Plaintiff filed his First Amended Class Action Complaint and Jury Demand (ECF No. 9).   By letter dated September 19, 2011, Miracle Financial requested that the Court consider Miracle Financial's motion to dismiss as addressing Plaintiff's Amended Complaint since the Amended Complaint does not cure the deficiencies contained in the Original Complaint that Miracle Financial raised in its Motion to Dismiss (ECF No. 10).  By Order dated September 27, 2011, the Court denied without prejudice Miracle Financial's motion to dismiss as moot in light of the fact that Plaintiff filed an Amended Complaint (ECF No. 15).

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Failing to satisfy Rule 8 is grounds for dismissal for failure to state a claim pursuant to Rule 12(b)(6).

The United States Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), recently elaborated upon the pleading requirements of Rule 8(a)(2).  In *Twombly*, the Court explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  550 U.S. at 555 (citations omitted, alteration in original).  As such, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, . . . 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In effectively overruling *Conley v. Gibson*, 355 U.S. 41 (1957), the Supreme Court in *Twombly* made clear that the facts alleged in a complaint "must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  Plaintiff must allege sufficient facts to demonstrate that the alleged claim is plausible, not merely conceivable. *Id.* at 570.

While a court, in deciding a motion to dismiss, must generally accept as true all well pleaded factual allegations contained in a complaint, a court is <u>not</u> required to accept as true legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . . ." *Iqbal*, 129 S.Ct. at 1949.   After disregarding conclusory statements and legal conclusions, the Court considers whether the facts alleged in the complaint states a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citation omitted).   For a complaint to state a "plausible claim to relief," the facts alleged must show an entitlement to relief beyond the inference of a "'mere possibility of misconduct[.]'" *Id.* (*quoting Iqbal*, 129 S.Ct. at 1949).  *Twombly* and *Iqbal* highlight, however, that merely pleading facts that are consistent with a defendant's liability "stops short of the line

between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (citation

and internal quotation marks omitted). To determine whether a complaint states a "plausible"

claim for relief, the court must "draw on its judicial experience and common sense." *Iqbal*, 129

S.Ct. at 1950. As the Court in *Iqbal* explained:

> In keeping with these principles a court considering a motion to
> dismiss can choose to begin by identifying pleadings that, because
> they are no more than conclusions, are not entitled to the
> assumption of truth. While legal conclusions can provide the
> framework of a complaint, they must be supported by factual
> allegations. When there are well-pleaded factual allegations, a
> court should assume their veracity and then determine whether
> they *plausibly* give rise to an entitlement to relief.

*Iqbal*, 129 S.Ct. at 1950 (emphasis added).

As described in detail below, the Amended Complaint like the Original Complaint is

couched in conclusory allegations and recites nothing more than the language contained in the

various sections of the FDCPA. Thus, Plaintiff has failed to give Miracle Financial fair notice of

what his claims are and the grounds upon which they rest. *Twombly*, 550 U.S. at 555. Therefore,

Plaintiff's Amended Complaint must be dismissed in its entirety pursuant to Rule 12(b)(6).

## ARGUMENT

### I. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

#### A. THE AMENDED COMPLAINT IS WHOLLY DEFICIENT UNDER *TWOMBLY*

As noted above, the Supreme Court in *Twombly* made clear that, in order to survive a

Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is

plausible on its face." 550 U.S. at 570. This requires a two-part analysis. "First, the factual and

legal elements of a claim should be separated." *Fowle*r, 578 F.3d at 210. Second, the court must

determine if the facts as alleged in the complaint show that plaintiff is entitled to relief beyond

the inference of a "'mere possibility of misconduct.'" *Id.* at 211 (*quoting Iqbal*, 129 S.Ct. at

1949).  Plaintiff's Amended Complaint falls way short of meeting this standard.

Plaintiff's Amended Complaint is filled with nothing more than plain recitals of the

statutory provisions of the FDCPA, which Plaintiff alleges Miracle Financial violated.  The

allegations in the Amended Complaint read as follows:

- MFI violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its

  communications to Plaintiff and others similarly situated. ¶56

- MFI violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or

  misleading representation or means in connection with its attempts to collect the

  alleged debts from Plaintiff and others similarly situated. ¶57

- By demanding an amount for collection fees in its collection letters to Plaintiff

  and others similarly situated when said collection charges weren't yet, if at all,

  due, MFI violated various provisions of the FDCPA, including but not limited to

  15 U.S.C § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. §

  1692f and 15 U.S.C. § 1692f(1). ¶58

- By representing to Plaintiff and others similarly situated that an amount was due

  for collection fees in the initial collection letters when said collection charges

  weren't yet, if at all, due pursuant to the underlying contracts or weren't permitted

  by law, MFI violated various provisions of the FDCPA, including but not limited

  to 15 U.S.C § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C.

  § 1692f and 15 U.S.C. § 1692f (1). ¶59

- MFI violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount of legal status of the alleged debts in its initial collection letters to Plaintiff and others similarly situated. ¶60

- MFI violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and others similarly situated. ¶61

- MFI violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated. ¶62

- MFI violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount from Plaintiff and others similarly situated that was not expressly authorized by the agreement creating the debt or permitted by law. ¶63[4]

These are the exact type of blanket assertions of entitlement to relief that the *Twombly* Court rejected. *See Twombly*, 550 U.S. at 555, n.3 ("While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he bases his claim,' Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (internal citation omitted).

Plaintiff attempts to cure his pleading deficiencies by alleging in the Amended Complaint that the $869.52 VZW Collection Fee "is precisely 18% (rounding down to the nearest penny) of

---

[4] Plaintiff paraphrases § 1692f(1) incorrectly. § 1692f(1) applies to the "*collection* of any amount (including any interest, fee, . . .) unless such amount is expressly authorized by the agreement creating the debt…." 15 U.S.C. § 1692f(1) (emphasis added). There is no language in § 1692f(1) that speaks to *attempts* to collect any amount.

the alleged $4,830.70 account balance…," and by including allegations concerning the alleged

debt collection activity of non-party Chase Receivables.  ¶26, 31-35. Aside from these

allegations and the jurisdiction and venue section of the Amended Complaint, the Amended

Complaint is identical to the Original Complaint.  The new allegations do nothing to cure the

deficiencies that existed in the Original Complaint, and have no bearing on the issue of whether

Miracle Financial violated the FDCPA. *See Kennedy*, 2010 WL 445735, at *4 ("The purpose of §

1692f(1) of the FDCPA is to monitor the activity of debt collectors."); *Ducrest v. Alco*

*Collections, Inc.,* 931 F. Supp. 459, 462 (M.D. La. 1996) (stating that the FDCPA "'is designed

to protect consumers who have been victimized by unscrupulous debt collectors, regardless of

whether a valid debt actually exits.'") (citation omitted).

      Moreover, the documents attached as Exhibits B and C to the Amended Complaint do not

establish, contrary to Plaintiff's allegations, that "Chase Receivables properly refrained from

attempting to collect" the collection fee from Mr. Hernandez.  ¶35.  Exhibit B is a "CHASE

Receivable Option Letter" informing Mr. Hernandez of settlement and payment options "to

resolve your overdue account with our client." Amended Complaint, Exhibit B.  Exhibit C is also

a Chase Receivable document and contains an itemization of Mr. Hernandez's account, including

a collection fee in the amount of $869.11.  Amended Complaint, Exhibit C.  Neither Exhibits B

nor C contain the information required by 15 U.S.C. § 1692g like the collection letter Miracle

Financial sent Mr. Hernandez, which is attached as Exhibit A to the Amended Complaint.

Plaintiff is simply comparing apples and oranges in a desperate attempt to save its Amended

Complaint from dismissal.

      Bottom line:  Chase Receivable's alleged debt collection activities on behalf of "Verizon

Wireless-Northeast" and its agreement with that entity has no bearing on Miracle Financial's

debt collection activities on behalf of Verizon Wireless and Miracle Financial's agreement with Verizon Wireless.

**B.   PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER 15 U.S.C. § 1692f AND §1692f (1)**

15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Pursuant to 15 U.S.C. §1692f(1),  "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law[]" constitutes an unfair practice.  Generously reading the Amended Complaint, Plaintiff seems to allege that Miracle Financial violated these sections of the FDCPA when it sent Mr. Hernandez the June 10, 2010 collection letter, which included the VZW collection fee when "said collection charges weren't yet, if at all, due, . . .." ¶¶58-59.  Plaintiff's claims under 15 U.S.C. § 1692f and § 1692f(1) lack merit.

In *Kennedy,* 2010 WL 445735, at *1, an FDCPA case that mirrors the present case, Judge Debevoise rejected a similar argument and dismissed plaintiff's complaint with prejudice for failure to state a claim.  There, plaintiff brought a class action alleging that defendant violated § 1692(f)(1) of the FDCPA because defendant's collection letter on behalf of Verizon Wireless included a collection fee of $214.18, which amount was not expressly authorized in his agreement with Verizon Wireless. *Id.*   Plaintiff also alleged a violation of § 1692e(10) for defendant's alleged false representation of the debt.  *Id.*  Similar to the Verizon Agreement at issue here, the Verizon Wireless agreement read:

> We may also charge you for any collection agency fees that we are charged by a collection agency we use to collect from you if it is permitted by the law of the state where you have your billing address when we first send your account to a collection agency . . ..

*Id.* Plaintiff argued that "the language of § 1692f(1) requires that the *exact* amount of the fee to be charged must be expressly stated in the agreement." *Id.* at *3 (emphasis in original). The court rejected this argument outright. *Id.* Plaintiff next argued "that even if the collection fee [was] authorized by the agreement there [was] still a 'question of fact' regarding whether Verizon Wireless was actually charged the $214.18." *Id.* The court rejected this argument and said:

> Plaintiff's secondary argument is based on the possible existence of hypothetical facts regarding the transaction between UCB and Verizon Wireless and the debt between Plaintiff and Verizon Wireless that could support the Plaintiff's claim under the "no set of facts" standard from *Conley v. Gibson,* . . . Plaintiff argues that even if the collection fee is authorized by the agreement there is still a "question of fact" regarding whether Verizon Wireless was actually charged the $214.18. This argument fails on multiple grounds.

> First, these hypothetical 'facts' are not set forth in the Complaint. The Complaint merely alleges that the Plaintiff received and read a letter from UCB, which sought a collection fee in violation of the FDCPA. Plaintiff instead offers these other hypothetical 'facts' as examples of possible 'sets of facts' that would satisfy the "no set of facts" standard of *Conley.* As these 'facts' are not set forth in the Complaint, they could be disregarded for the purpose of this motion.

> However, it will be assumed that Plaintiff's theoretical 'facts' were contained in the pleadings. Plaintiff's Complaint would still fail. Plaintiff claims that it is "entirely possible" that Verizon Wireless was not charged $214.18 by UCB or that Plaintiff may never have owed the principal to Verizon Wireless, among other things. Plaintiff does not allege these are facts but instead offers them as hypothetical examples of what Plaintiff believes would satisfy the *Conley* standard. Plaintiff's attempt shows a fatal misunderstanding of the correct standard of review for Rule 12(b)(6) motions. As stated above, *Bell Atlantic,* 550 U.S. at 545, raises the bar to now require that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Similarly, under *Iqbal,* 129 S.Ct. at 1949, there must be facts presented that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." In this instance, Plaintiff does not

advance any of these theories as actually being factual but instead offers them to illustrate the point that there may be a set of facts in existence somewhere, possibly unbeknownst to Plaintiff, which would entitle him to relief. This clearly does not satisfy the requirements of *Bell Atlantic* and *Iqbal.*

**Further assuming that Plaintiff had alleged any of these facts as being true and had done so in the Complaint, Plaintiff's claim would still be lacking. The purpose of § 1692f(1) of the FDCPA is to monitor the activity of debt collectors. Allegations that the underlying debt was not owed to the creditor or that the creditor has not paid the debt collector the exact amount of a fee in no way affect the elements of this particular claim. As stated by the 7th Circuit in *Transamerica Fin. Servs., Inc. v. Sykes,* 171 F.3d 553, 556, "[section 1692f] of the FDCPA addresses the conduct of the debt collector, not the validity of the underlying debt."**

For these reasons, including that the collection fee sought by UCB is found to be authorized by the customer agreement between Plaintiff and Verizon Wireless and because no other facts are sufficiently alleged or assumed that would entitle Plaintiff to relief under § 1692f(l), this claim will be dismissed.

*Id.* at *4 (emphasis added).

The rationale of *Kennedy* applies here with equal force. Whether Miracle Financial had billed or charged Verizon Wireless a collection fee as of the time it sent Mr. Hernandez the June 10, 2010 collection letter has no bearing on whether Miracle Financial violated § 1692f(1).  It did not.  Further, Mr. Hernandez's Customer Agreement as of the time Mr. Hernandez requested that Verizon Wireless suspend service, January 30, 2010, authorized the collection of a collection fee. Mr. Hernandez's customer agreement provided, in part:

If we use a collection agency to collect from you, we may charge you for any fees the collection agency charges us, if allowed by law in the state of your billing address ***when we first send your account to a collection agency.***

*See* Certification of Robert Dumais in Support of Miracle Financial, Inc.'s Motion to Dismiss ("Dumais Certification") ¶¶6-8 (emphasis added).  Thus, Verizon Wireless is obligated to pay for collection fees as of the time it first sends an account for collection to a collection agency, which is why Verizon Wireless calculated the collection fee ($869.52) and electronically communicated that amount to Miracle Financial on or about June 9, 2010.  *Id.* at ¶¶10, 16.  Therefore, contrary to the allegations in the Amended Complaint, the VZW Collection Fee in the amount of $869.52 was due and owing as of the time Plaintiff received the June 10, 2010 collection letter.  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

### C.   PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER 15 U.S.C. §§1692e, 1692e(2)(A) AND 1692e(10)

15 U.S.C. § 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Section 1692e(2)(A) provides that falsely representing "the character, amount, or legal status of any debt[ ]" violates 15 U.S.C. § 1692e.  Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Like his claims under 15 U.S.C. § 1692f and § 1692f(1), Plaintiff alleges that Miracle Financial violated these sections of the FDCPA when it sent Mr. Hernandez the June 10, 2010 collection letter, which included the VZW collection fee when "said collection charges weren't yet, if at all, due, . . .." ¶¶58-59.  However, Plaintiff does not allege that Miracle Financial acted unscrupulously in attempting to collect the debt.

In *Ducrest v. Alco Collections, Inc.,* 931 F. Supp. 459 (M.D. La. 1996), the court rejected a similar claim.  In *Ducrest*, defendant debt collector mailed a letter to plaintiff demanding $390.00 for a payment of a debt that was allegedly owed to her former landlord.  *Id.* at 460.  The

$390.00 included charges for a pet deposit.  *Id.*  Plaintiff claimed that by demanding payment for charges under the lease, which were not due, namely the pet deposit, defendant violated the FDCPA.  *Id.*  Defendant maintained that the pet deposit was due and that it was entitled to rely on the representations of its client in demanding payment of the debt.  *Id.*

The court noted that both parties focused their arguments on whether the pet deposit demanded by defendant was due, and framed the issue before it as "whether the defendant in this case could be held liable under the FDCPA where it relied on the representations of its client, a purported creditor, as to the amount and validity of a debt owed to that creditor."  *Id.* at 461-62. The court found that it need not interpret the lease in order to decide the FDCPA issue before it because the FDCPA "'is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exits.'"  *Id.* at 462 (*quoting Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982)).  In rejecting plaintiff's claim, the court said:

> Remembering the object of the FDCPA, and reading it as a whole, to state a claim under § 1692e(2), plaintiff would have to show that defendant knowingly misrepresented the character, amount, or legal status of the debt.  The language "false representation of the character, amount, or legal status of any debt" in § 1692e(2)(A) must be read in conjunction with what it defines-a "false, deceptive, or misleading representation." These terms clearly contemplate a knowing and intentional act.  It is undisputed that defendant relied on the information provided to it by Broadmoor Plantation Apartments in demanding payment of this debt. Plaintiff's claim under this section of the FDCPA has no merit because she has not shown that any misrepresentation of the amount of the debt claimed was knowing or intentional.
>
> Similarly, to state a claim under § 1692f(1) plaintiff would have to show that defendant was knowingly attempting to collect a charge not authorized by the lease and not permitted by law. A debt collector should be able to rely on the representation and implied warranty from its client that the amount was due under either the lease or the law. The FDCPA does not require an independent

> investigation of the information provided by clients when a debt
> collector tries to collect a debt, nor does it require the debt
> collector to dispute the creditor's construction of a contract.

*Id.*  In ruling in favor of defendant, the court said:

> It is undisputed that the entire debt claimed by the defendant was
> included in the statement of the account delivered to defendant by
> original creditor, Broadmoor Plantation Apartments. Such
> inclusion constitutes a representation by the creditor that the item
> was due and owing. Plaintiff does not allege and has not presented
> any evidence that defendant knowingly and intentionally
> misrepresented the amount of the debt due or knowingly and
> intentionally claimed an amount it knew was not provided by the
> lease or permitted by law.

*Id.* at 462-63.  *See also Transamerica Fin. Servs., Inc. v. Sykes*, 171 F.3d 553, 555 n.2 (7th Cir.

1999) ("[A] misrepresentation under 15 U.S.C. § 1692e must be knowing and intentional[.]").

Just as in *Ducrest*, Plaintiff's Amended Complaint centers on whether the VZW

Collection Fee included in the June 10, 2010 collection letter was due and owing as of the date of

the letter.  ¶¶26, 28-30, 37-39, 37, 42, 58-59.  However, *Ducrest* makes clear that the focus of the

inquiry in a FDCPA case is the conduct of the debt collector.  931 F. Supp. at 462.[5]  There is not

---

[5] Further to this point, the court in *Riveria v. MAB Collections, Inc.,* 682 F. Supp. 174,
176 (W.D.N.Y. 1988) noted:

> Congress' general intent in enacting the FDCPA was to protect
> consumers from a host of unfair, harassing, and deceptive debt
> collection practices without imposing unnecessary restrictions on
> ethical debt collectors. S.Rep. No. 95–382, 95th Cong., 1st Sess. 1
> (1977). The legislation was necessary because debt collection
> abuse by third party debt collectors has become a widespread and
> serious national problem. *Id.* Collection abuse has taken many
> forms, including obscene or profane language, threats of violence,
> telephone calls at unreasonable hours, misrepresentation of a
> consumer's legal rights, disclosing a consumer's personal affairs to
> friends, neighbors, or an employer, obtaining information about a
> consumer through false pretense, impersonating public officials
> and attorneys, and simulating legal process. Congress noted that
> unlike creditors, who generally are restrained by the desire to

one single allegation in the Amended Complaint that Miracle Financial remotely engaged in the type of harassing unfair debt collection practices that the FDCPA was designed to stop. Whether a debt is valid would be an issue only if Miracle Financial had commenced an action to collect the debt, which it did not. *Id.*

Additionally, as in *Ducrest*, Miracle Financial had a right to rely on Verizon Wireless's representation that the VZW Collection Fee was due and owing. *Id.* The Certification of Robert Dumais, Manager-Financial Services of Cellco Partnership, d/b/a Verizon Wireless, submitted in support of Miracle Financial's Motion to Dismiss, certifies:

> On or about June 9, 2010, Verizon Wireless informed Miracle Financial by electronic communication that the Account balance included the principal balance of $4830.70 and a collection fee of $869.52. This was the first time Verizon Wireless forwarded any information on the Account to Miracle Financial.

Dumais Certification, ¶10. In its attempt to collect the principal balance owed on Mr. Hernandez's Verizon Wireless account and the collection fee. Miracle Financial rightly relied on this information. Miracle Financial was not obligated to conduct an independent investigation into the information provided it by Verizon Wireless concerning the debt owed Mr. Hernandez.

---

> protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them.

*Id.* at 176. *See also Graziano v. Harrison*, 763 F. Supp 1269, 1275 (D.N.J.), *rev'd in part, vacated in part*, 950 F.2d 107 (3d Cir. 1991) ("The purpose of the Fair Debt Collection Practices Act was to protect consumers from unfair, deceptive and harassing collection practices while leaving collectors free to employ efficient, reasonable and ethical practices in pursuit of their profession."). There is not one single allegation in the Complaint that Miracle Financial remotely engaged in the type of harassing unfair debt collection practices that the FDCPA was designed to stop. All that is alleged is that Miracle Financial sent the June 10, 2010 letter that is attached as Exhibit A to the Complaint. *See* Complaint.

What Miracle Financial is obligated to do is cease collection of the debt and obtain verification of the debt if the debtor disputes all or a portion of the debt. *See* 15 U.S.C. § 1692g(b).  There are no allegations in the Amended Complaint that Miracle Financial failed to comply with 15 U.S.C. § 1692g(b).

Thus, if in fact the June 10, 2010 letter misrepresented the amount of debt owed by Mr. Hernandez to Verizon Wireless, Miracle Financial did not knowingly and intentionally misrepresent the amount of the debt or knowingly and intentionally claim an amount it knew was not provided by the Verizon Wireless customer agreement, and there are no allegations in the Amended Complaint that Miracle Financial acted knowingly or intentionally.

Further, in *Kennedy*, Judge Debevoise dismissed plaintiff's claim under 15 U.S.C. § 1692e(10) because the collection fee was in fact authorized by the customer agreement between plaintiff and Verizon Wireless.  2010 WL 445735, at * 5.  Such is the case here.  This is an additional reason why Plaintiff's claim under 15 U.S.C. § 1692e(10) must fail. Accordingly, Plaintiff fails to state a claim under 15 U.S.C. §§1692e, 1692e(2)(A) and 1692e(10).

## II.   PLAINTIFF MAY NOT SEEK EQUITABLE RELIEF  UNDER THE FDCPA

In his prayer for relief, Plaintiff seeks a declaratory judgment that Miracle Financial violated the FDCPA and an injunction enjoining Miracle Financial for future violations of the FDCPA. ¶64A & B.  Plaintiff cannot obtain either relief on behalf of himself or the putative class.  The Court of Appeals for the Third Circuit has made clear that injunctive or declaratory relief is not available to private plaintiffs pursuing claims under the FDCPA. *See Weiss v. Regal Collections,* 385 F.3d 337, 342 (3d Cir.2004) ("injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA"), *see also Agostino v. Quest Diagnostics Inc.,* 256 F.R.D. 437, 459 (D.N.J. 2009) (denying certification of class with respect

to FDCPA claims for declaratory and injunctive relief).  Accordingly, Plaintiff fails to state a

claim for injunctive or declaratory relief

## **CONCLUSION**

For the reasons stated herein, Miracle Financial respectfully requests that the Court

dismiss the Amended Complaint in its entirety with prejudice.  Any further amendment would be

futile; thus, dismissal with prejudice is warranted.

Dated:  October 14, 2011          **LITE DEPALMA GREENBERG, LLC**

*s/Mayra V. Tarantino*
Mayra V. Tarantino
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 623-3000
mtarantino@litedepalma.com

*Attorneys for Defendant*
*Miracle Financial, Inc.*

293720 v2                                  18

## <u>CERTIFICATE OF SERVICE</u>

I, Mayra V. Tarantino, hereby certify that on this day, a true and correct copy of the

foregoing MEMORANDUM OF LAW OF DEFENDANT MIRACLE FINANCIAL, INC. IN

SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION

COMPLAINT PURSUANT TO RULE 12(b)(6) was served on counsel for plaintiff via the

Court's ECF system and email.

Dated:  October 14, 2011                    <u>*s/Mayra V. Tarantino*</u>
                                            Mayra V. Tarantino