## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| Rodolfo Hernandez, on behalf of himself and those similarly situated,<br><br>          Plaintiff,<br><br>    vs.<br><br>Miracle Financial, Inc., and John Does 1 to 25,<br><br>          Defendant. | Civil Action No. 11-4074(JLL)(MAH) |

## PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

The Wolf Law Firm, LLC
Attorneys at Law
1520 U.S. Hwy 130 – Suite 101
North Brunswick, NJ  08902
Tel: (732) 545-7900
Fax: (732) 545-1030

*Attorneys for Plaintiff*

*On the brief:*
Andrew R. Wolf, Esq.
Henry P. Wolfe, Esq.
Elliot M. Gardner, Esq.

# TABLE OF CONTENTS

TABLE OF CONTENTS ..........................................................................................I

TABLE OF AUTHORITIES .................................................................................. II

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS .................................................................................... 4

PROCEDURAL HISTORY ................................................................................... 5

ARGUMENT .......................................................................................................... 6

    A.   STANDARD FOR RULE 12(B)(6) MOTIONS ............................................... 6

    B.   THE AMENDED COMPLAINT STATES CLAIMS FOR RELIEF UNDER THE FAIR DEBT COLLECTION PRACTICES ACT ................................................................. 7

    C.   THE *KENNEDY V. UNITED COLLECTION BUREAU, INC.* CASE IS COMPLETELY DISTINGUISHABLE FROM THE PRESENT CASE. ......................................... 14

    D.  DEFENDANT'S RELIANCE ON CASE LAW SUGGESTING THAT A DEBT COLLECTOR IS NOT LIABLE FOR MISINFORMATION PROVIDED BY THE CREDITOR IS CONTRARY TO THIRD CIRCUIT CASE LAW HOLDING THAT THE FDCPA IMPOSES STRICT LIABILITY. ........ 16

    E.  THE DUMAIS CERTIFICATION SHOULD BE EXCLUDED TO THE EXTENT THAT IT EXCULPATES DEFENDANT ................................................................... 20

CONCLUSION ..................................................................................................... 21

i

# TABLE OF AUTHORITIES

**Cases**

*Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364 (3rd Cir. 2011)......................... 17
*Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004) .................................................................... 7
*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007).......................................................... 6
*Brown v. Card Serv. Ctr.*, 464 F.3d 450 (3d Cir.2006) .................................................. 8, 9
*Campuzano–Burgos v. Midland Credit Mgmt.*, 550 F.3d 294 (3d Cir. 2008).................... 9
*Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944 (7th Cir. 2004).................................. 12
*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027(9th Cir.2010)......................................... 17
*Ducrest v. Alco Collections, Inc.*, 931 F. Supp. 459 (M.D. La. 1996).............................. 17
*Duffy v. Landberg*, 215 F.3d 871 (8th Cir.2000) .............................................................. 12
*Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130 (2d Cir.2010) .................................. 17
*Gammon v. GC Servs. Ltd. P'Ship*, 27 F.3d 1254 (7th Cir.1994) .................................... 18
*Gathuru v. Credit Control Services, Inc.*, 623 F. Supp. 2d 113 (D. Mass. 2009)......... 8, 10
*Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002) ......................................... 7
*Hedges v. United States*, 404 F.3d 744 (3d Cir. 2005) ....................................................... 6
*Hepsen v. Resurgent Capital Services, LP*, 383 Fed. Appx. 877 (11th Cir. 2010)............ 15
*Kennedy v. United Collection Bureau, Inc.*, 2010 WL 445735 (D. N.J.) ......................... 14
*LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir.2010) ................................ 17
*Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*,
   214 F.3d 872 (7th Cir. 2000) ........................................................................................ 12
*Munoz v. Pipestone Financial, LLC*, 513 F. Supp. 2d 1076 (D. Minn. 2007)............ 11, 12
*New York v. Hill*, 528 U.S. 110 (2000) ............................................................................... 7
*Owen v. I.C. System, Inc.* 629 F.3d 1263 (11th Cir. 2011) ............................................... 18
*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)........................................... 6
*Richard v. Oak Tree Group, Inc.*, 614 F. Supp. 2d 814 (W.D. Mich. 2008) ................. 8, 11
*Rosenau v. Unifund Corp.*, 539 F.3d 218 (3d Cir. 2008).................................................... 9
*Ruth v. Triumph P'ships*, 577 F.3d 790 (7th Cir. 2009)................................................... 17
*Transamerica Fin. Servs., Inc. v. Sykes*, 171 F.3d 553 (7th Cir. 1999)............................ 16
*Turner v. J.V.D.B. Associates, Inc.*, 330 F.3d 991 (7th Cir. 2003) ............................. 17, 18

**Statutes**

§1692f(1)............................................................................................................................ 11
15 U.S.C. § 1692a(6) ........................................................................................................... 4
15 U.S.C. §1692e ................................................................................................................. 7
15 U.S.C. §1692e(10) .......................................................................................................... 2
15 U.S.C. §1692f .................................................................................................................. 7
Fed. R. of Ev. 1002 ............................................................................................................ 21
Fed. R. Civ. P. 12(b)(6)......................................................................................... 6, 14, 19, 20

## PRELIMINARY STATEMENT

In this putative class action, Plaintiff alleges that Defendant, a debt collector, violated the Fair Debt Collection Practices Act ("FDCPA") in its dealings with Plaintiff and other similarly-situated debtors. Defendant sent a letter demanding payment for Plaintiff's Verizon Wireless ("VZW") account that included an 18% collection fee that had not been charged to VZW when the letter was sent. However, Plaintiff's agreement with VZW required Plaintiff to pay only for collection fees actually charged to VZW. By attempting to collect fees that were not charged to VZW at the time the notice was sent (or ever, as it seems here), Defendant used deceptive means to collect the debt in violation of the FDCPA.

The central fact in this case (distinguishing it from the unpublished *Kennedy v. United Collection Bureau, Inc.* case upon which Defendant almost entirely relies) is that Defendant's contract with VZW authorized a collection fee only *after* successful collection, and set the fee as a percentage of the amount *actually collected*. So, at the time of the initial collection letter to Plaintiff (which is necessarily *prior* to successful collection) it was logically impossible for Defendant to determine if it was entitled to a collection fee or to calculate the amount of the fee (and in fact, Defendant never did charge VZW a fee on Plaintiff's account because it was not successful in its collection efforts. As pled in the amended complaint, the account was given to another collection agency which properly did not include the 18% collection fee in *its* initial demand letter.) Because Defendant's fee was completely contingent (both as to entitlement and amount), and because VZW's customer contract requires customers to pay collection fees only if actually charged, any initial collection letter by Defendant to a VZW customer

demanding a sum certain as a "collection fee" is necessarily a deceptive attempt to collect an improper fee in violation of the FDCPA.

Yet that is exactly what Defendant did.  Defendant's initial letter to Plaintiff simply stated that there were "VZW Collection Fees" of $869.52 that were part of the "Total Amount Due" and "full balance due" at the time of the letter,   The letter did not state that the fee was contingent on successful collection, that it was calculated as a percentage of the amount collected and could therefore vary if the customer pays less on the account, or that it may or may not even be charged to VZW.   Contrary to what Defendant stated in the letter, the $869.52 was not part of the "balance due" on the VZW account, nor was it a "VZW Collection Fee," but instead was a wishful prediction by Defendant of a maximum fee that it might someday be entitled to under its arrangement with VZW.

Defendant's mischaracterization of the figure as an actual "VZW Collection Fee" could easily lead the "least sophisticated consumer" (the hypothetical consumer through whom FDCPA compliance must be viewed) to believe that he or she was, in reality, contractually obligated to pay the $869.52 as of the date of the letter, regardless of how much Defendant ultimately collected on the account, or (more centrally) whether Defendant in fact charged VZW for collection fees.  As such, the letter was deceptive and misleading, and therefore in violation of the FDCPA at 15 U.S.C. §1692e, which prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. §1692e(2)(A), which prohibits "[t]he false representation of… the character, amount, or legal status of any debt," and 15 U.S.C. §1692e(10), which prohibits "[t]he use of any false representation or deceptive means to

2

collect or attempt to collect any debt or to obtain information concerning a consumer." Additionally, Defendant's demand for a specified collection fee which was not yet due (or even calculable) at the time of the demand violated 15 U.S.C. §1692f(1), which prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Contrary to the 15-year-old Middle District of Louisiana case cited by Defendant, the prevailing view, including that of the Third Circuit Court of Appeals reaffirmed earlier this year, is that the FDCPA is a strict liability statute, imposing liability for violations of any provision of the FDCPA, unless the debt collector pleads and carries the heavy burden of proving the three-pronged "bona fide error defense" set forth in the FDCPA at 15 U.S.C. §1692k(c) (which Defendant cannot do and has not even attempted to do in its moving papers or elsewhere.)   Plaintiff therefore seeks statutory damages under the FDCPA from Defendant on behalf of himself and all other VZW consumer debtors to whom Defendant sent a letter demanding a "collection fee" in a specified amount.

## STATEMENT OF FACTS

Defendant Miracle Financial, Inc. is a "debt collector" under 15 U.S.C. §1692a(6). (Am. Compl. ¶14.) Defendant sent a letter to Plaintiff dated June 10, 2010, which was an attempt to collect an amount allegedly due to VZW. (Am. Compl. ¶19-20,) Exh. A. This was the first written communication that Defendant sent Plaintiff concerning the alleged debt. (Am. Compl. ¶21-22.) The collection letter stated that the total amount due was $5700.22, which consisted of a Principal Balance of $4,830.70 and "VZW Collection Fees" of $869.52.[1] (Am. Compl. ¶23-26.)

The customer agreement between Plaintiff and VZW contained a provision that stated: "If we use a collection agency to collect from you, we may charge you for any fees the collection agency charges us, if allowed by law in the state of your billing address when we first send your account to a collection agency."(Def. Brief at 12.)  The fees that Defendant "charges" VZW for its collection services under the two companies' agreement is an 18% contingency fee based on the of the amount actually collected by Defendant. (Am. Compl. ¶26.) [2]

Thus, at the time that Defendant sent the June 10, 2010 letter, Plaintiff did not owe VZW the "VZW Collection Fee" of $869.52, nor had Defendant charged or billed VZW for the "VZW Collection Fee" in the amount of $869.52. (Am. Compl. ¶28-30.) Defendant sent

---

[1] Although not stated in the letter, the $869.52 fee is precisely 18% (rounding down to the nearest penny) of the alleged $4,830.70 account balance, reflecting the maximum amount of fees that Defendant could collect under its contingency fee agreement with VZW if completely successful in its collection efforts.

[2] This is not only pled in the Amended Complaint, but also confirmed by Defendant's witness and Verizon Wireless representative Robert Dumais, who attests that "[under] the Verizon Wireless-Miracle Agreement…Miracle Financial is contractually entitled to a commission which is a specified percentage of the amount that it collects on the account." Dumais Cert. in Support of Motion to Dismiss at ¶13. Mr. Dumais clarified that Miracle's commission was 18% (*Id.* at ¶17), and that Verizon Wireless was "obligated… to pay Miracle Financial for **successful** collection…" *Id.* at ¶16 (emphasis added).

4

similar initial collection letters to more than 100 consumers residing within the State of New Jersey attempting to collect debts on behalf of VZW. (Am. Compl. ¶36-39.)

On March 18, 2011, another debt collector, Chase Receivables, sent Plaintiff a letter attempting to collect on the same VZW account. (Am. Compl. ¶31, Exh. B.) Plaintiff did not make any payments on the VZW account during the time between Defendant's June 10, 2010 letter and Chase Receivables' March 18, 2011 letter. (Am. Compl. ¶32.) Chase Receivables' March 18, 2011 letter demanded only the principle account balance of $4,828.43 (which for unknown reasons is $2.37 less than the principle account balance demanded in Defendant's June 10, 2010 letter), and did not demand the $869.52 collection fee previously sought by Defendant. (Am. Compl. ¶33.)

## PROCEDURAL HISTORY

Plaintiff filed his Class Action Complaint on June 8, 2011.  Defendant removed on July 15, 2011 and filed an amended Notice of Removal on August 2, 2011.  Defendant moved to dismiss on August 26, 2011.  Plaintiff filed his First Amended Complaint on September 16, 2011 and also filed an opposition to Defendant's motion.  The Court denied Defendant's motion without prejudice as moot on September 27, 2011.

Defendant filed this motion on October 14, 2011.  The motion was inaccurately styled a motion to dismiss on the pleadings because Defendant submitted, and relies heavily upon, the Certification of Robert Dumais, a VZW employee.  Mr. Dumais claims to draw his conclusions from unspecified confidential documents.  Plaintiff therefore prepared subpoenas for VZW and Mr. Dumais.  Before serving them, Plaintiff's counsel telephoned VZW to find out if it had a preferred method of service for subpoenas. Counsel was instructed to fax the subpoenas to a particular number, which counsel did. VZW sent back a fax requesting Plaintiff's account number, so Plaintiff's counsel faxed

back amended subpoenas including the account number.  Plaintiff's counsel subsequently received a belligerent letter from VZW's counsel stating that Mr. Dumais would not testify and opining that since Mr. Dumais lives in California, he was immune to the jurisdiction of this Court even though he had submitted a certification.  VZW's counsel also objected to the very method of service that VZW itself requested, but said that VZW might produce a different witness to testify at an unspecified date.  Given these facts, Defendant cannot credibly continue to insist that the Court consider Mr. Dumais's certification. Even a summary judgment motion based on that certification would have been improper because Mr. Dumais—Defendant's star witness—refuses to appear for cross-examination.

## ARGUMENT

### A.      Standard for Rule 12(b)(6) Motions

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted). "The defendant bears the burden of showing that no claim has been presented[,]" *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and the motion should be granted only if the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Id.* at 1964 (internal citations omitted).

Dismissal with prejudice is a "harsh remedy[,]" *New York v. Hill*, 528 U.S. 110, 118 (2000) and is only appropriate if amendment would be futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). The Third Circuit has therefore held that "[w]hen a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## B.   The Amended Complaint States Claims for Relief under the Fair Debt Collection Practices Act

15 U.S.C. §1692e provides in relevant part that:

> [a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…
> ( 2) The false representation of—
> (A) the character, amount, or legal status of any debt; or…
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692f provides in relevant part that

> [a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

A debt collector violates §§ 1692e and 1692f when it attempts to collect a fee that has not been incurred at the time of the collection letter, especially where, as here, the relevant contract language requires the debtor/consumer to pay only collection fees that

are actually charged to or incurred by the creditor.  See *Gathuru v. Credit Control Services, Inc.,* 623 F. Supp. 2d 113, 120-21 (D. Mass. 2009) (holding that attempting to collect a fee that had not yet been incurred violated the FDCPA as a matter of law because the fee falsely represented the amount of the debt owed); *Richard v. Oak Tree Group, Inc.,* 614 F. Supp. 2d 814 (W.D. Mich. 2008)(same).

Under his contract with VZW, Plaintiff's liability for collection fees was limited to "any fees the collection agency charges [VZW.]"  (Def. Brief at 12).  It is undisputed**,** that the collection fee Defendant "charges" Verizon under the two companies' contact is a commission calculated 18% of the amount, *if any*, that Defendant *"successfully"* collects on the account. See Am. Compl. ¶26; Dumais Cert., ¶¶13, 16, 17.  **Therefore, at the time Defendant sent the initial collection letter to Plaintiff, it was logically impossible to determine whether Defendant would be "charging"** *any* **collection fee, and if so, how much the fee would be**.  The fee was not chargeable or even calculable until *after* Defendant collected the fee, and therefore, *any* demand by Defendant for an collection fee in an initial letter to a VZW debtor is necessarily inaccurate, deceptive, and misleading both as to the *current* existence of an obligation by the debtor to pay *any* collection fees under the terms of the VZW contract *and* as to the amount of the fee.  In other words, the $869.52 "collection fee" that Defendant demanded from Plaintiff in its initial letter to him was not a fee that Defendant "charges" to VZW, but a wishful prediction by Defendant of the best possible future outcome of its deal with VZW.

Thus, Defendant's demand violated the FDCPA, which scrutinizes debt collector communications under the "least sophisticated debtor" standard. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453-454 (3d Cir.2006). In *Brown,* the Court explained that

8

> Because the FDCPA is a remedial statute, we construe its language broadly, so as to effect its purpose. Accordingly… we have held that certain communications from lenders to debtors should be analyzed from the perspective of the "least sophisticated debtor."…
>
> The least sophisticated debtor standard requires more than "simply examining whether particular language would deceive or mislead a reasonable debtor" because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor. This lower standard comports with a basic purpose of the FDCPA: as previously stated, to protect "all consumers, the gullible as well as the shrewd," "the trusting as well as the suspicious," from abusive debt collection practices.

*Brown, supra,* 464 F.3d at 453-454. (internal citations omitted). The Third Circuit has repeatedly held that under the least sophisticated debtor standard, [a] communication is deceptive for purposes of the Act if "it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Rosenau v. Unifund Corp.,* 539 F.3d 218, 222 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir.2006)).

*Campuzano–Burgos v. Midland Credit Mgmt.,* 550 F.3d 294, 298 (3d Cir. 2008)(some citations omitted). Under this "two or more meanings" test, and under the least sophisticated debtor standard generally, a creditor's letter can "be reasonably read" to have a particular meaning as long as it is not a "bizarre or idiosyncratic interpretation[]." *Id.* at 298 - 299.

The language at issue in Defendant's letter is, of course, unquestionably susceptible to inaccurate interpretations in violation of the "two or more meanings test." By stating a "VZW Collection Fee" figure that assumes successful collection of the entire principle balance, and by stating that the "VZW Collection Fee" is part of "Total Amount Due" and "full balance due", Defendant's letter to Plaintiff implies a number of

inaccurate things.  Defendant's letter can be read to inaccurately describe Defendant's contract with Verizon, implying such untrue things as: "We will charge VZW $869.52 in collection fees, regardless of how much of the principle balance you ultimately pay" and "We will charge VZW $869.52 in collection fees regardless of whether we collect any of the principle balance."   Defendant's letter can also be read to inaccurately describe Plaintiff's obligations with VZW, implying for example the following:  "You owe VZW a collection fee of $869.52 right now, even if Miracle Financial has not yet charged VZW any collection fee" or "You owe VZW a collection fee of $869.52 even if the principle balance is incorrect and you ultimately pay less than the stated figure."

Plaintiff's FDCPA claims are amply supported by *relevant* case law. Under strikingly similar facts, in *Gathuru v. Credit Control Services, Inc., supra,* 623 F. Supp. 2d 113*,* the defendant attempted to collect on the plaintiff's defaulted credit card. 623 F. Supp. 2d at 115. Under his cardholder agreement, the plaintiff agreed "to pay [the card issuer's] collection costs, reasonable attorney's fees, and court costs should they become necessary." *Id.* The collection agency added a 30% fee to his outstanding balance and issued notices to him. *Id.* at 116. As in the present case, the plaintiff alleged that the defendant violated the FDCPA because "even if the fee was authorized, it had not yet been incurred at the time the collection letters were sent." *Id.* at 120. The court found this to be an FDCPA violation "as a matter of law because [the fee] falsely represented the amount of the debt owed." *Id.* at 121. Since the notice "included collection fees that, at the time it was sent, were not yet recoverable …., it was literally false that Gathuru owed [that amount] at the time he received [the collection agency's] notice." *Id.* at 121-22. This case plainly refutes Defendant's argument that whether it had charged VZW by the time

it sent the collection letter to Plaintiff "has no bearing on whether Miracle Financial violated §1692f(1)." (Def. Brief at 12)

Similarly, in *Richard v. Oak Tree Group, Inc.,* 614 F. Supp. 2d 814 (W.D. Mich. 2008) the court found the debt collector to have violated Section 1692f when it added unincurred costs to the amount due in violation of the plaintiff's account agreement. *Id.* at 823. In *Richard*, the plaintiff defaulted on a membership in a campground. *Id.* at 816. The defendant sent the plaintiff a notice with a collection fee of $1,355.98, which was calculated as 28% of the total principal outstanding of $4,842.78. *Id.* at 820. However, the $1,355.98 would only be correct if the agency collected the full amount of the debt. If the plaintiff were to pay half or a third of the outstanding principal, then the collection fee would have been only half or a third of the $1,355.98. As in the present case, the plaintiff's account agreement required him to pay only for the campground's "incurred" or "actual" collection costs. *Id.* at 823. The court noted that "[the campground] would not incur any collection costs until defendant successfully collected some of the debt from plaintiffs." *Id.* Thus, in an instance where a collection fee is based on a percentage of the amount collected, there will be no amount that can be listed as a collection fee in a debt collector's notice until it has recovered some of the outstanding debt. Otherwise, the consumer might be confused about whether she would still owe the entire fee even if the creditor settled for a lesser amount.

Both the timing and amount of a fee charged are relevant as to whether there is a violation of the FDCPA. In the present case, since VZW had not yet been charged the $869.52 collection fee when Defendant sent the notice to Plaintiff, Defendant violated the FDCPA.  See *Munoz v. Pipestone Financial, LLC*, 513 F. Supp. 2d 1076, 1083 (D. Minn.

2007) ("Having agreed to pay [the law firm] a percentage of the amount *collected*, [creditor] had not incurred the attorney fees sought in the state-court action when [it] alleged that the fees were due and owing from [the debtor]."); See *Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir.2000) (holding letters seeking interest overstated by less than $2 violated section 1692f).

Recognizing that consumer credit transactions typically include certain fees that accrue *after* a debt communication (e.g., accruing interest charges, percentage-based collection fees, contingency attorney fees, etc.) the Seventh Circuit Court of Appeals has created safe harbor language that debt collectors can use to avoid violating the FDCPA. Judge Posner addressed the issue in a case involving ongoing interest charges. *Chuway v. Nat'l Action Fin. Servs.,* 362 F.3d 944, 949 (7th Cir. 2004). He made the following observation:

> Our conclusion does not place debt collectors on a razor's edge, where if they say too little they violate the Act by failing to disclose the amount of the debt they are trying to collect and if they say too much they violate the Act by confusing the consumer. If . . . . the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use the safe-harbor language of *Miller:* "As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number]."

*Chuway,* 362 F.3d at 949 (quoting *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 876 (7th Cir. 2000)).   Similarly, rather than stating the maximum fee that it might be entitled to charge VZW if Plaintiff paid the entire stated

principal balance to Defendant, Defendant could have simply and accurately stated that Plaintiff would be obligated to pay a collection fee of 18% of the amount that Defendant collects to ensure that they would not be in violation of the FDCPA.

In defense of its unlawful demands for unaccrued collection fees, Defendant proffers a tortured construction of the VZW customer contract, relying on selective use of emphasis to attempt to alter the structure and punctuation of the actual contractual text. On page 12 of its brief Defendant quotes the collection fee provision as follows:

> If we use a collection agency to collect from you, we may charge you for any fees the collection agency charges us, if allowed by law in the state of your billing address **when we first send your account to a collection agency.**

(Def. Brief at 12) (emphasis added by Defendant). Defendant argues that the emphasized text obligates VZW "to pay for collection fees as of the time it first sends an account for collection to a collection agency." (Def. Brief at 13) In fact, a proper grammatical reading of the text reveals that the emphasized text relates to which state's law determines whether collection fees are legal—the state that the customer lists in its billing address on the date that VZW sends the account to a collection agency.  Defendant's reading of the sentence ignores the placement of the comma after "fees the collection agency charges us," with no additional comma after "if allowed by law in the state of your billing address," thus indicating that the qualifier "when we first send your account to a collection agency" was meant for the latter and not the former.  Defendant's reading of the language falsely argues that VZW gets only one chance to charge the customer for collection fees—when it refers the account to the debt collector, which is of course absurd.

**C.    The *Kennedy v. United Collection Bureau, Inc.* case is completely distinguishable from the present case.**

Defendant's reliance on the unpublished opinion, *Kennedy v. United Collection Bureau, Inc.,* 2010 WL 445735 (D. N.J. 2010), is misplaced. Despite apparent similarities to the present case, in *Kennedy*, the plaintiff relied on the bare allegation that he received a letter attempting to collect a debt allegedly owed to VZW and that the Collection Fee included in the letter was not expressly authorized by the agreement creating the alleged debt. (Kennedy Complaint ¶11 from Wolf Declaration, Exh. D.)   The court dismissed the plaintiff's claims as insufficient, holding:

> Plaintiff claims that it is "entirely possible" that Verizon Wireless was not charged $214.18 by UCB or that Plaintiff may never have owed the principal to Verizon Wireless, among other things. **Plaintiff does not allege these are facts but instead offers them as hypothetical examples of what Plaintiff believes would satisfy the [pleading] standard.** Plaintiff's attempt shows a fatal misunderstanding of the correct standard of review for Rule 12(b) (6) motions. As stated above, *Bell Atlantic*, 550 U.S at 545, raises the bar to now require that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Similarly, under *Iqbal*, 129 S.Ct. at 1949, there must be facts presented that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." In this instance, Plaintiff does not advance any of these theories as actually being factual but instead offers them to illustrate the point that there may be a set of facts in existence somewhere, possibly unbeknownst to Plaintiff, which would entitle him to relief. This clearly does not satisfy the requirements of Bell Atlantic and Iqbal.

*Id.* at *4 (emphasis added). Thus, the plaintiff in *Kennedy* never actually alleged the facts necessary to survive a Rule 12(b)(6) motion, but only discussed them as hypothetical examples, which the court found insufficient to overcome minimal pleading requirements.

14

Unlike the plaintiff in *Kennedy*, Plaintiff here has not merely pled that "it is 'entirely possible' that Verizon Wireless was not charged" a collection fee at the time of the initial collection letter.  Rather, Plaintiff has plainly and unambiguously pled facts that inexorably lead to the conclusion that Defendant did not charge VZW a collection fee at the time of the initial collection letter.  (Am. Compl. ¶¶26-30)  This is because the contingency fee contract between VZW and Defendant (under which Defendant can only charge VZW 18% of the amount *actually* collected) makes it logically impossible for Defendant to charge VZW a fee, or for a fee to even be calculated, at the time of the initial collection letter, which is necessarily prior to successful collection.  See Am. Compl. ¶26.[3]  Further, Plaintiff has pled, and has provided documentary proof, that Defendant *in fact* never charged VZW a collection fee, as no such fee is reflected in the account balance stated by a subsequent debt collector.[4]  (Am. Compl. ¶¶31-33)  See *Hepsen v. Resurgent Capital Services, LP,* 383 Fed. Appx. 877, 883 (11th Cir. 2010) (holding that the "difference between the amount demanded by [the defendant] and the

---

[3] As noted above, the facts pled by Plaintiff have been corroborated and fleshed out by Defendant's certification witness, Robert Dumais, who has confirmed that "[under] the Verizon Wireless-Miracle Agreement…Miracle Financial is contractually entitled to a commission which is a specified percentage of the amount that it collects on the account" Dumais Cert. at ¶13 and that VZW was "obligated… to pay Miracle Financial for **successful** collection…" *Id.* at ¶16 (emphasis added).

[4] Defendant's suggestion that these facts somehow do not make out a sufficient pleading under *Iqbal* and *Twombly* strains credulity.  Those decisions require that a pleading include "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 127 S. Ct. at 1974.  Here, the facts pled in the complaint make out a claim that is not only plausible, but one that is arguably susceptible to summary judgment in favor of Plaintiff (a motion that Plaintiff is precluded from making due to the pending of the putative class action).  That the pled facts are supported by documentary evidence appended to the pleading, and corroborated by Defendant's own proffered certification make Defendant's charge of an insufficient pleading even less credible.

amount later demanded by [a subsequent debt collector], on behalf of the creditor [ ],
supports a reasonable inference that [the defendant's] demand was inaccurate").

In *Kennedy*, the court did not mention or discuss any allegation that the collection
agreement between VZW and the debt collector was a contingency fee agreement
permitting the debt collector to charge VZW only upon successful collection of the debt.
Similarly, there was no allegation in *Kennedy* that the plaintiff received a demand letter
from a subsequent debt collector stating a VZW account balance that did not include the
"VZW Collection Fees" that were previously characterized by the debt collector as part
of the "balance due."   In short, *Kennedy* is completely distinguishable from the present
case and is, in any event, not controlling on the issue of whether Defendant's demand for
collection fees that it never charged to VZW violated the FDCPA.


**D.  Defendant's reliance on case law suggesting that a debt collector is not liable for
     misinformation provided by the creditor is contrary to Third Circuit case law
     holding that the FDCPA imposes strict liability.**

Defendant relies especially heavily on the following bit of *dicta* in the *Kennedy*
decision:

> [A]ssuming that Plaintiff had alleged any of these facts as
> being true and had done so in the Complaint, Plaintiff's
> claim would still be lacking. The purpose of §1692f(1) of
> the FDCPA is to monitor the activity of debt collectors.
> Allegations that the underlying debt was not owed to the
> creditor or that the creditor has not paid the debt collector
> the exact amount of a fee in no way affect the elements of
> this particular claim. As stated by the 7th Circuit in
> *Transamerica Fin. Servs., Inc. v. Sykes*, 171 F.3d 553, 556,
> "[section 1692f] of the FDCPA addresses the conduct of
> the debt collector, not the validity of the underlying debt."

*Kennedy,* at *4.[5]  Defendant argues that this passage from *Kennedy* and cases from other jurisdictions, such as *Ducrest v. Alco Collections, Inc.*, 931 F. Supp. 459 (M.D. La. 1996), stand for the proposition that a debt collector cannot be held liable for communications to the debt based on misinformation provided by the creditor.

However, Defendant's "creditor's error" defense is factually unsupported by anything submitted by Defendant, and perhaps more importantly is contrary to the Third Circuit case law, which holds that "[t]he FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation.  *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3rd Cir. 2011).  The Court in *Allen* noted that "The characterization of the FDCPA as a strict liability statute is generally accepted. See, e.g., *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir.2010); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir.2010); *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135(2d Cir.2010); *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009)."  *Allen, supra*, 629 F.3d at 368, fn 7.   It is noteworthy that the 7th Circuit, which in 1999 decided the *Transamerica* case cited in the above-quoted *Kennedy dicta*, subsequently rejected the *Ducrest* case relied upon by Defendant.  *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 996, fn 1 (7th Cir. 2003)(ruling that §1692f violations are subject to strict liability, while acknowledging cases that have held *contra*, including *Ducrest*.)  *Turner* also articulated the prevailing view, now shared by the 3rd Circuit, that

> '[15 U.S.C.] §1692e applies even when a false representation was unintentional'… Moreover, our test for determining whether a debt

---

[5] Of course, this passage is not directly relevant, since Plaintiff's FDCPA claims are not based on any allegation of invalidity of the underlying VZW debt, nor does Plaintiff allege that "the creditor has not paid the debt collector the exact amount of a fee", but rather alleges that the debt collector, under its own contract with the creditor, never charged and was never entitled to a fee, but demanded one from the consumer anyway.

> collector violated § 1692e is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer.

*Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), quoting *Gammon v. GC Servs. Ltd. P'Ship*, 27 F.3d 1254, 1257 (7th Cir.1994). Therefore, the authoritative value of both *Ducrest* and the *Transamerica* (and the *Kennedy dicta*, to the extent that it relies on *Transamerica*) is questionable at best, especially in this jurisdiction.

The FDCPA *does* expressly provide a defense based on creditor error, called "the bona-fide error defense" 15 U.S.C. §1692k(c). However, the debt collector must raise the bona-fide error defense as an affirmative defense and carry the burden of proof as to the three prongs of the defense, as recently described by the 11th Circuit:

> The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional…. Nevertheless, the FDCPA affords a narrow carve-out to the general rule of strict liability, known as the "bona fide error" defense. Section 1692k(c) of the FDCPA provides that:
>
>> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was *not intentional* and resulted from a *bona fide error* notwithstanding the maintenance of procedures *reasonably adapted to avoid any such error.*
>
> 15 U.S.C. § 1692k(c) (emphasis added). This bona fide error defense in § 1692k(c) is an affirmative defense, for which the debt collector has the burden of proof. Specifically, a debt collector bears a three-part burden of showing that its FDCPA violation (1) was "not intentional"; (2) was "a bona fide error"; and (3) occurred despite the maintenance of procedures "reasonably adapted to avoid any such error." Edwards, 584 F.3d at 1352–53.

*Owen v. I.C. System, Inc.* 629 F.3d 1263 (11th Cir. 2011).

Defendant has not raised any affirmative defenses, but instead has filed a 12(b)(6) motion which attempts (through submission of a non-party certification) to point the finger at the creditor for supposedly providing Defendant with misinformation about the collection fees owed by Plaintiff. Of course, this does not even begin to satisfy Defendant's burden under 15 U.S.C. §1692k(c).

Nor is it likely that Defendant ever could, even after properly raising a bona-fide error defense and conducting discovery, carry the heavy burden. In this case, the alleged misinformation relates to Defendant's own fee structure and its own debt collection contract with VZW (to which it presumably has access), so it is difficult to see how VZW's error could provide Defendant with any excuse for its FDCPA violations or how the error could be unintentional and bona-fide (to satisfy the first two prongs of the defense). Even if Defendant could prove, after discovery, that the error was bona-fide and unintentional, it would not be able to satisfy the third prong, i.e., "the maintenance of procedures reasonably adapted to avoid any such error." Here, the only information that Defendant would need other than its own contract with VZW to determine if the collection fees were due at the time of the initial letter would be the VZW customer contracts providing that the customers were only responsible for fees actually charged to VZW by the collection agency . If it is Defendant's claim that it did not review the contract before starting collections, that would in itself defeat the third prong of the bona-fide error defense because

> to qualify for the bona fide error defense, the debt collector has an affirmative statutory obligation to maintain procedures reasonably adapted to avoid readily discoverable errors, such as the interest errors here. See 15 U.S.C. § 1692e(2)(A) (prohibiting the false representation of "the character, amount, or legal status of any debt"); id. § 1692f(1) (prohibiting "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless

19

such amount is expressly authorized by the agreement creating the debt or permitted by law"). **A debt collector does not fulfill this affirmative obligation by delegating it entirely to creditors…, whose actions are not even regulated by the FDCPA**. See 15 U.S.C. § 1692k(a) (subjecting debt collectors to civil liability for FDCPA violations).

*Owen*, *supra* at 1277 – 1278.

### E.  The Dumais Certification Should be Excluded to the Extent that it Exculpates Defendant

Although it has labeled its motion as a Rule 12(b)(6) motion, Defendant has attempted to obtain a one-sided summary judgment motion by attaching a certification of a VZW employee Robert Dumais, who makes confusing and contradictory statements about VZW and Defendant's billing arrangement.  On one hand, Mr. Dumais attests that "[under] the Verizon Wireless-Miracle Agreement…Miracle Financial is contractually entitled to a commission which is a specified percentage of the amount that it col1ects on the account." Dumais Cert. in Support of Motion to Dismiss at ¶13 and that Verizon Wireless was "obligated… to pay Miracle Financial for **successful** collection…" Id. at ¶16 (emphasis added).    On the other hand, Mr. Dumais gives conclusory testimony that the VZW added Defendant's 18% commission based on a completely successful collection was "added to the balance" when the account was referred to Defendant, Id. at ¶10 and that VZW "was obligated" to pay that amount as of that time. Id. at ¶16.  Mr. Dumais sworn certification seems to contain doublespeak, yet he has steadfastly refused to submit to a deposition for cross-examination on these issues within this jurisdiction. Wolf Decl. at ¶¶12, 13, Exh. C.   Mr. Dumais' certification should therefore be excluded to the extent that Defendant seeks to introduce these conclusory, confusing, and self-serving statements.    Alternatively, Defendant should be ordered to bear the cost of

depositions taken in California, where Mr. Dumais presumably would be willing to submit to a deposition.

Further, Mr. Dumais attests that his certification is based on his review of documents, including, but not limited to, VZW and Defendant's collection agreement (Dumais Cert. at ¶¶9, 13), and an "electronic communication" sent from VZW to Defendant when Plaintiff's account was referred. Id. at ¶10.    However, neither Defendant nor Mr. Dumais have produced these documents (or even identified some of them), and therefore Mr. Dumais' testimony is inadmissible under the best evidence rule. Fed. R. of Ev. 1002 (requiring "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required…"   In short, due to its evidentiary and foundational deficiencies, and due to Plaintiff's inability to cross-examine Mr. Dumais or to conduct any discovery on the issues covered by his certification, Mr. Dumais certification must be excluded to the extent it is being introduced by Defendant to prove any of the matters asserted in support of dismissal.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion.

Dated:  November 7, 2011

<div style="margin-left:40%">

s/ Henry P. Wolfe
Henry P. Wolfe, Esq.
Andrew R. Wolf, Esq.
Elliot M. Gardner, Esq.
The Wolf Law Firm, LLC
Attorneys at Law
1520 U.S. Hwy 130 – Suite 101
North Brunswick, NJ  08902
Tel: (732) 545-7900; Fax: (732) 545-1030

*Attorneys for Plaintiff*

</div>

21