# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODOLFO HERNANDEZ, on behalf of himself and those similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>MIRACLE FINANCIAL, INC. and JOHN DOES 1 TO 25,<br><br>        Defendants. | Civil Action No:  11-4074(JLL)(MAH)<br><br>**MOTION DAY**:  November 21, 2011<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW OF DEFENDANT MIRACLE FINANCIAL, INC. IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)**

                             **LITE DEPALMA GREENBERG, LLC**
                             Mayra V. Tarantino
                             Two Gateway Center, Suite 1201
                             Newark, New Jersey 07102
                             (973) 623-3000
                             mtarantino@litedepalma.com

                             *Attorneys for Defendant*
                             *Miracle Financial, Inc.*

-i-

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT .......................................................................................................................... 1

NOTHING IN MIRACLE FINANCIAL'S COLLECTION LETTER WOULD MAKE THE LEAST SOPHISTICATED CONSUMER UNCERTAIN AS TO HIS RIGHTS ..................... 1

CONCLUSION ....................................................................................................................... 7

## TABLE OF AUTHORITIES

**CASES**

*Campuzano-Burgos v. Midland Credit Mgmt., Inc.*,
   550 F.3d 294 (3d Cir. 2008) ................................................................................ 1, 2, 5

*Chuway v. Nat'l Action Fin. Servs., Inc.*,
   362 F.3d 944 (7th Cir. 2004) ...................................................................................... 6

*Duffy v. Landberg*,
   215 F.3d 871 (8th Cir. 2000) ...................................................................................... 6

*Ellis v. Solomon & Solomon, P.C.*,
   591 F.3d 130 (2d Cir. 2010) ........................................................................................ 1

*Gammon v. GC Servs. Ltd.*,
   P'ship, 27 F.3d 1254 (7th Cir. 1994) ........................................................................... 2

*Gathuru v. Credit Control Servs., Inc.*,
   623 F. Supp. 2d 113 (D. Mass. 2009) ......................................................................... 5

*Hepsen v. Resurgent Capital Servs., LP*,
   383 Fed. Appx.  877 (11th Cir. 2010) ........................................................................ 5

*Kennedy v. United Collection Bureau*,
   No. 09-cv-0548 DRD-MAS, 2010 WL 445735 (D.N.J. Feb. 3, 2010) ............... 1, 3, 5

*Munoz v. Pipestone Fin., LLC*,
   513 F. Supp. 2d 1076 (D. Minn. 2007) ....................................................................... 6

*Owen v. I.C. Sys., Inc.*,
   629 F.3d 1263 (11th Cir. 2011) .................................................................................. 4

*Richard v. Oak Tree Group, Inc.*,
   614 F. Supp. 2d 814 (W.D. Mich. 2008) .................................................................... 5

*Wilson v. Quadramed Corp.*,
   225 F.3d 350 (3d Cir. 2000) ........................................................................................ 1

**STATUTES**

15 U.S.C. § 1692(e) ........................................................................................................ 2

15 U.S.C. § 1692g(a) ...................................................................................................... 2

Defendant Miracle Financial, Inc. ("Miracle Financial") submits this Reply Memorandum of Law in further support of its Motion to Dismiss Plaintiff's First Amended Class Action Complaint ("Amended Complaint"). All of Plaintiff's arguments should be rejected outright as they all focus on the validity of the VZW Collection Fee and not on whether Miracle Financial's activities complied with the FDCPA. In *Kennedy v. United Collection Bureau*, No. 09-cv-0548 DRD-MAS, 2010 WL 445735, at *1 (D.N.J. Feb. 3, 2010), which, contrary to Plaintiff's position, mirrors the facts of this case, Judge Debevoise made clear that the FDCPA addresses the conduct of the debt collector, not the validity of the underlying debt.

## ARGUMENT

### NOTHING IN MIRACLE FINANCIAL'S COLLECTION LETTER WOULD MAKE THE LEAST SOPHISTICATED CONSUMER UNCERTAIN AS TO HIS RIGHTS.

Although the least sophisticated consumer standard "protects naïve consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citation omitted); *see also Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) ("Although established to ease the lot of the naïve, the standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety."); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) ("While protecting those consumers most susceptible to abusive debt collection practices, this Court has been careful not to conflate lack of sophistication with unreasonableness. As such, the FDCPA does not aid plaintiffs whose claims are based on bizarre or idiosyncratic interpretations of collections notices.") (citations and internal quotation

marks omitted).  "Rulings that ignore these rational characteristics of even the least sophisticated debtor and instead rely on unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor frustrate Congress's intent to 'insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Campuzano-Burgos*, 550 F.3d at 299 (quoting 15 U.S.C. § 1692(e)); *see also Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) ("We reiterate that an unsophisticated consumer standard protects the consumer who is uninformed, naïve or trusting, yet it admits an objective element of reasonableness.  The reasonableness element in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters.").

Contrary to Plaintiff's position, Miracle Financial's collection letter is not susceptible to two or more different meanings.  Specifically, the inclusion of the VZW Collection Fee as it appears in Miracle Financial's collection letter could not be interpreted in the manner that Plaintiff describes.  Plaintiff's proffered interpretations are undoubtedly bizarre and idiosyncratic, and not to mention self-serving.  *See* Plaintiff's Brief at 9-10. The collection letter identified the creditor (Verizon Wireless); listed the principal balance due ($4,830.70), which Plaintiff does not dispute he owed; and the VZW Collection Fee ($869.52), which was calculated by Verizon Wireless based on the principal balance that was due and owing.  The collection letter then provided the validation notice required by 15 U.S.C. § 1692g(a). There is nothing in the collection letter that would make the least sophisticated consumer uncertain as to his rights. *See Ellis*, 591 F.3 at 135 ("A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain as to her rights.") (citation and internal quotation marks omitted).  There is nothing in the collection letter

which would have caused Plaintiff to believe that he could not challenge the validity of the VZW Collection Fee.[1]

Miracle Financial's conduct in attempting to collect the debt owed by Plaintiff to Verizon Wireless at all times complied with the requirements of the FDCPA. *See Kennedy*, 2010 WL 445735, at * 4 (holding that the FDCPA addresses the conduct of the debt collector, not the validity of the underlying debt). To have failed to include the total amount of debt owed to Verizon Wireless in the collection letter, which included the VZW Collection Fee as communicated to Miracle Financial by Verizon Wireless (*see* Dumais Certification at ¶ 10), as Plaintiff suggests, would have run afoul of the FDCPA because Miracle Financial in its collection letter would have misrepresented the total amount of the debt owed by Plaintiff.

Plaintiff asks the Court to ignore Judge Debevoise's holding in *Kennedy* by attempting to distinguish that case. Plaintiff argues that the plaintiff in *Kennedy* never actually alleged the facts necessary to survive a Rule 12(b)(6) motion, there was no discussion in *Kennedy* about a contingent fee arrangement, and there was no allegation in *Kennedy* that a subsequent debt collector in its demand letter did not include the VZW Collection Fee. *See* Plaintiff's Brief at 14-16. However, Judge Debevoise's decision in *Kennedy* expressly addresses Plaintiff's argument. Judge Debevoise stated that, even if the plaintiff had alleged in the complaint that Verizon Wireless was not charged the $214.19 by UCB or that plaintiff may never had owed the principal balance to Verizon Wireless, "Plaintiff's claim would *still* be lacking." *Id*. at *4 (emphasis added). In other words, factual allegations that attack the validity of the underlying

---

[1] Whether Miracle Financial's collection letter was confusing and made Mr. Hernandez uncertain about his rights, which it did not, can be decided without reference to the Dumais Certification if the Court is so inclined to disregard it. The Court need only review the collection letter attached as Exhibit A to the Amended Complaint to determine whether the least sophisticated consumer would be confused or misled by its contents.

debt do not bear on the issue of whether Miracle Financial complied with the FDCPA. Judge Debevoise explained:

> The purpose of § 1692f(1) of the FDCPA is to monitor the activity of debt collectors. Allegations that the underlying debt was not owed to the creditor or that the creditor has not paid the debt collector the exact amount of a fee in no way affect the elements of this particular claim.

*Id*. That stated principle is applicable here. Whether Miracle Financial had billed or charged Verizon Wireless a collection fee as of the time it sent Mr. Hernandez the June 10, 2010 collection letter has no bearing on whether Miracle Financial violated the FDCPA.

In any event, there was nothing misleading in Miracle Financial having included the VZW Collection Fee in its collection letter. Under the terms of his Customer Agreement, Mr. Hernandez was liable for collection costs as of the time Verizon Wireless sent his account for collection to a collection agency, which was calculable as of the time Verizon Wireless sent Mr. Hernandez's account to Miracle Financial for collection.[2]  *See* Dumais Certification at ¶¶ 6-8. To exclude the VZW Collection Fee from the collection letter could have led the least sophisticated consumer to believe that Verizon Wireless had waived its right to a collection fee. This would have been misleading. Moreover, sending multiple collection letters that relate to the

---

[2] The only thing that is accurate about Plaintiff's discussion regarding the bona-fide error defense is that Miracle Financial has not asserted it, but instead filed a Rule 12(b)(6) motion. In the event that the Court does not dismiss Plaintiff's Amended Complaint, Miracle Financial will assert any and all affirmative defenses available to it and specifically reserves its right to do so. Further, the bona-fide error defense requires a fact specific inquiry based on facts unique to each case. *See Owen v. I.C. Sys., Inc*., 629 F.3d 1263, 1277 (11th Cir. 2011) (holding that the third element of the bona-fide error defense (the maintenance of proper procedures) is fact specific and must be resolved on a case-by-case basis). Notably, *Owen*, cited by Plaintiff, was decided on cross-motions for summary judgment, presumably after the parties had conducted discovery. It makes little sense for Miracle Financial to respond to arguments concerning what it can or cannot prove on a Rule 12(b)(6) motion.

same underlying debt, one for the principal and another for collection fees, as Plaintiff suggests, would undoubtedly cause confusion and run contra to the dictates of the FDCPA.

With respect to the "demand letter" issued by Chase Receivables, attached as Exhibit B to the Amended Complaint, that letter is an offer of settlement and lists several options for payment of the principal balance owed.[3] It is not a demand for payment of the entire amount due Verizon Wireless as reflected in Exhibit C to the Amended Complaint, which lists the principal balance of $4828.43 and a collection fee in the amount of $869.11. Miracle Financial's collection letter and Chase Receivables' offer of settlement are two different communications; thus, no inference of wrongdoing on the part of Miracle Financial can be drawn from Chase Receivables' offer of settlement.[4]

Plaintiff relies heavily on cases from other jurisdictions whose facts are not nearly as analogous to the facts of this case as are the facts in *Kennedy*, which is directly on point. In *Gathuru v. Credit Control Servs., Inc.*, 623 F. Supp. 2d 113 (D. Mass. 2009), the debt collection notice represented the amount due in one lump sum without itemizing the principal balance and the collection fee. *Id.* at 116. Also, it was the debt collector itself that added its collection fee to the outstanding balance and it was the creditor who ultimately verified that the amount due

---

[3] "Some creative collectors, convinced that conflict is counterproductive, choose conciliation over confrontation. They do this through communications that are civil and cajoling, yet conforming with the statute-'settlement letters.' These notices advise the debtor that he may settle the claim by paying a **percentage of the amount owed rather than the total**." *Campuzano-Burgos*, 550 F.3d at 299 (emphasis added).

[4] Plaintiff's reliance on *Hepsen v. Resurgent Capital Servs., LP*, 383 Fed. Appx. 877 (11th Cir. 2010), for the proposition that a reasonable inference can be drawn that a debt collector's demand was inaccurate based on a different amount demanded by a subsequent debt collector, is misplaced. In *Hepsen*, the "subsequent debt collector" was the defendant-debt collector's client who continued to collect on the debt after defendant-debt collector ceased collection efforts. *Id.* at 878-80. Further, *Hepsen* involved a bench trial where evidence was presented that established defendant-debt collector's violation of the FDCPA. *Id.* at 883. This case is at the pleading stage.

included a collection fee. *Id.* at 114, 116.  Similarly, in *Richard v. Oak Tree Group, Inc.*, 614 F. Supp. 2d 814 (W.D. Mich. 2008), the debt collector failed to inform the plaintiff that the amount demanded included a collection fee. *Id.* at 816, 822.  In *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004), the court found that the collection letter was confusing.  *Duffy v. Landberg*, 215 F.3d 871 (8th Cir. 2000), involved a FDCPA violation based on a $100 civil penalty, the threat to seek attorney fees, and an overstated interest charge. *Id.* at 874-75.  *Munoz v. Pipestone Fin., LLC*, 513 F. Supp. 2d 1076 (D. Minn. 2007), involved the representation in a complaint that attorney fees were due and owing. *Id.* at 1079.

      In sum, none of the facts involved in the cases relied on by Plaintiff are found here.  At all times, Miracle Financial complied with the requirements of the FDCPA.  There is not one single allegation in the Amended Complaint that Miracle Financial remotely engaged in the type of harassing unfair debt collection practices that the FDCPA was designed to stop.  Here, as in *Kennedy*, Mr. Hernandez's customer agreement clearly authorized a collection fee.  *See* Dumais Certification at ¶7.  Miracle Financial relied on Verizon Wireless's representation that the VZW Collection Fee was due and owing, which Miracle Financial had the right to do, and in fact it was due and owing.  *See id.*  Notwithstanding, whether Miracle Financial had billed or charged Verizon Wireless a collection fee as of the time it sent Mr. Hernandez the June 10, 2010 collection letter has no bearing on whether Miracle Financial violated the FDCPA.  *Kennedy,* 2010 WL 445735, at *4 (finding that "[a]llegations that the underlying debt was not owed to the creditor or that the creditor has not paid the debt collector the exact amount of a fee in no way

affect the elements" of a claim under § 1692f(1) of the FDCPA). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.[5]

## CONCLUSION

For the reasons stated herein, Miracle Financial respectfully requests that the Court dismiss the Amended Complaint in its entirety with prejudice. Any further amendment would be futile; thus, dismissal with prejudice is warranted.

Dated:  November 14, 2011

                               **LITE DEPALMA GREENBERG, LLC**

                               *s/Mayra V. Tarantino*
                               Mayra V. Tarantino
                               Two Gateway Center, 12th Floor
                               Newark, New Jersey 07102
                               (973) 623-3000
                               mtarantino@litedepalma.com
                               *Attorneys for Defendant*
                               *Miracle Financial, Inc.*

---

[5] Plaintiff has not addressed Miracle Financial's argument in Point II of its opening brief concerning the unavailability of injunctive and declaratory relief to private plaintiffs pursuing claims under the FDCPA.  Thus, Plaintiff concedes that point.

## CERTIFICATE OF SERVICE

      I, Mayra V. Tarantino, hereby certify that on this day, a true and correct copy of the foregoing REPLY MEMORANDUM OF LAW OF DEFENDANT MIRACLE FINANCIAL, INC. IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6) was served on counsel for Plaintiff via the Court's ECF system.


Dated: November 14, 2011                *s/Mayra V. Tarantino*
                                              Mayra V. Tarantino