NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODOLFO HERNANDEZ, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIRACLE FINANCIAL, INC. and JOHN DOES 1-25,<br><br>Defendants. | Civil Action No.: 11-4074 (JLL)<br><br>OPINION |

**LINARES, District Judge.**

This matter comes before the Court on a motion to dismiss for failure to state a claim (Docket Entry No. 17) by Defendant Miracle Financial, Inc. ("Defendant" or "Miracle Financial"). This Court has considered the submissions in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion to dismiss is granted in part and denied in part.

I. BACKGROUND

Plaintiff Rodolfo Hernandez ("Plaintiff" or "Hernandez") brings this putative class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., for alleged violations resulting from Miracle Financial's inclusion of a collection fee on a bill sent to New Jersey Verizon Wireless customers ("VZW Collection Fee").

1

Miracle Financial sent a letter dated June 10, 2010 to Plaintiff in an attempt to collect $5,700.22 due by Plaintiff to Verizon Wireless ("Verizon"). (Pl.'s First Amended Compl. ¶¶ 19 - 24; Ex. A) (hereafter "Compl"). Specifically, as represented in the collection letter, the total amount due was comprised of a principal balance owed by Plaintiff of $4,830.00 and the VZW Collection Fee of $869.52. (Compl. ¶¶ 24-26, Ex. A). The Complaint alleges that the VZW Collection Fee, reflects a contingency agreement between Verizon and Miracle Financial in lieu of a pre-paid, flat fee. (Compl. ¶ 26). Plaintiff further alleges that at the time of the June 10, 2010 letter, Miracle Financial had neither billed nor charged Verizon for the collection fee. (Compl. ¶¶ 29-30).

A second debt collector, Chase Receivables, sent Hernandez a letter dated March 18, 2011 regarding the same Verizon account. (Compl. Ex. B). This letter only stated that the principal balance was due and included options for a limited offer to satisfy the outstanding debt. (Compl. ¶¶ 31, 33; Ex. B). Chase Receivables included a collection fee in a subsequent invoice dated April 21, 201, but did not attempt to collect that fee from Hernandez. (Compl. ¶¶ 33-35; Ex. C).

Plaintiff filed the instant putative class action, alleging that Miracle Financial knew or should have known that its actions violated the FDCPA in the Superior Court of New Jersey, Law Division, Middlesex County on June 9, 2011. Defendant removed the case to this Court on July 15, 2011. On August 26, 2011, Miracle Financial filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. Plaintiff filed a First Amended Complaint as of right on September 16, 2011. As a result, this Court denied as moot Defendant's first motion to dismiss

without prejudice. Defendant filed a second motion to dismiss, which is considered herein.

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. Twombly, 127 S.Ct. 1t 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99(1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).

## III. DISCUSSION[1]

The purpose of the FDCPA is threefold: (1) eliminate abusive debt collection practices; (2) ensure that debt collectors who abstain from abusive practices are not competitively disadvantaged; and (3) promote consist state action to protect consumers. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S.Ct. 1605, 1608 (2010) (citing 15 U.S.C. § 1692(e); Brown v. Card Service Center, 464 F.3d 450, 453 (3d. Cir. 2006) ("A significant purpose of the Act is not only to eliminate abusive practices by debt collectors, but 'to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'"). The FDCPA is a remedial statute and its language should be construed broadly in order to give effect to its purposes. Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 367 (3d. Cir. 2011); Brown, 464 F.3d at 453. FDCPA violations should be analyzed from the perspective of the "least sophisticated debtor." Brown, 464 F.3d at 453-54.

> The least sophisticated debtor standard requires more than 'simply examining whether particular language would deceive or mislead a reasonable debtor' because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor . . . However, while the least sophisticated debtor standard protects naive consumers, 'it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.

---

[1] In his opposition to Defendant's motion, Hernandez argues that the Certification of Mr. Dumais should be excluded to the extent that it exculpates Defendant because "[a]lthough it has labeled its motion as a Rule 12(b)(6) motion, Defendant has attempted to obtain a one-sided summary judgment motion by attaching a certification of a VZW employee Robert Dumais, who makes confusing and contradictory statements about VZW and Defendant's billing arrangement." (Pl.'s Opp'n., 20). Plaintiff further argues that "Mr. Dumais [sic] sworn certification seems to contain doublespeak, yet he has steadfastly refused to submit to a deposition for cross-examination on these issues within this jurisdiction." Id. Pursuant to Federal Rule of Civil Procedure 12(d), if a court considers material submitted outside the pleadings on a Rule 12(b)(6) motion to dismiss, the court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). A court may exclude such outside matters and treat the Rule 12 motions as labeled. Pryor v. NCAA, 288 F.3d 548, 559 (3d Cir. 2002). Accordingly, the Court declines to consider evidence submitted by Defendant and treats the motions as labeled, under Rule 12(b)(6).

Id.   Finally, the focus of the FDCPA is on the conduct of the debt collector. Allen, 629 F.3d at 367. "The FDCPA is a strict liability statute to the extent that it imposes liability without proof of an intentional violation. Allen, 629 F.3d at 368.

Plaintiff's Complaint asserts that Miracle Financial violated multiple provisions of the FDCPA including 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692(f) and 1692f(1).[2] Each will be discussed in turn.

**1. False or Misleading Representations**

Section 1692e of Title 15 of the United States Code pertains to false or misleading representations by debt collectors in connection with the collection of any debt and prohibits certain conduct. 15 U.S.C. § 1692e. Plaintiff alleges that Defendant violated section 1692e(2)(a) of the FDCPA, which prohibits false representation of "the character, amount or legal status of any debt." Plaintiff additionally contends that Defendant violated section 1692e(10) which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

"A debt collection letter is deceptive where 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" Brown, 464 F.3d at 455 (quoting Wilson v. Quadramed, 225 F.3d 350, 354). However, while the "least-sophisticated debtor" standard is a low standard, it does not require that the Court credit unreasonable or idiosyncratic interpretations of collection notices. Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 997 (3d Cir. 2011).

---

[2] The parties do not dispute that Miracle Financial is within the 15 U.S.C. § 1692(a)(6) definition of debt collector or that Hernandez is a consumer within 15 U.S.C. § 1692(a)(3).

Hernandez argues that "Defendant's mischaracterization of the 'VZW Collection Fee' could easily lead the 'least sophisticated consumer' . . . to believe that he or she was, in reality, contractually obligated to pay the $869.52 as of the date of the letter, regardless of how much Defendant ultimately collected on the account, or (more centrally) whether Defendant in fact charged VZW for collection fees." (Pl.'s Opp'n., 2). In his Complaint, Plaintiff states that the VZW collection fee "reflect[s] a contingency agreement between Verizon and Miracle Financial rather than a pre-paid, flat fee." (Compl. ¶ 26). Defendant responds that at the time of the collection letter, Verizon calculated the VZW Collection Fee based on the principal balance that was due and owing. (Def.'s Reply, 2).

Viewed through the lens of the least sophisticated debtor, one could reasonably interpret the collection letter as meaning that the Collection Fee was due and owing at the time of the letter. However, the agreement between Miracle Financial and Verizon allegedly provides that whether a fee is charged is contingent upon the successful collection of the underlying debt. Thus, accepting all factual allegations in the Complaint as true, at the time Miracle Financial sent the collection letter, the collection charges had not been incurred.

Defendant emphasizes that the initial collection letter sent by Miracle Financial provided the required notice pursuant to 15 U.S.C. § 1692g that Plaintiff could contest the validity of the debt: "[u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid." (Compl. Ex. A). However, that Defendant included statutorily required notice provisions does not change the allegation that Defendant attempted to collect an amount not presently due. Nor does it have any bearing on how the least sophisticated debtor would interpret the amounts charged, whether

valid or not.

As this is a motion to dismiss, the Court must accept all well-pled facts as true, namely that the agreement between Verizon and Miracle Financial is a contingent fee agreement based on amounts successfully collected. Thus, under the least sophisticated debtor standard, Plaintiff states a claim sufficient to state a plausible right to relief regarding the inclusion of a contingent fee not yet charged to which Verizon was only entitled in the event of successful collection. These allegations are sufficient to state a plausible right to relief under 15 U.S.C. § 1692e. See e.g. Gathuru v. Credit Control Services, Inc., 623 F.Supp.2d 113, 121-122 (D.Mass., 2009) (granting summary judgment in favor of plaintiff and finding that collection notice falsely represented amount due where defendant attempted to collect a contingent fee not yet due).

### 2. Unfair Practices

Section 1692f of Title 15 of the United States Code is directed toward preventing unfair practices by debt collectors and provides, in relevant part, that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff alleges that Defendant violated section 1692f(1), which provides that "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" is a violation. 15 U.S.C. § 1692f(1). Notably, as argued by Defendant, Plaintiff does not allege that any amounts were in fact collected by Miracle Financial for either the principal balance or the VZW Collection Fee. (Def.'s Mot. to Dismiss, 5).

With respect to collection fees, the Verizon Wireless Customer Agreement provides, in relevant part, as follows: "If we use a collection agency to collect from you, we may charge you for any fees the collection agency charges us, if allowed by law in the state of your billing address when we first send your account to a collection agency." (Dumais Certification Ex. A, 5).[3]

Plaintiff does not argue that the State of New Jersey prohibits charging customers for any collection fees. Notably, as argued by Defendant, Plaintiff does not allege that any amounts were in fact collected by Miracle Financial for either the principal balance or the VZW Collection Fee. (Def.'s Mot. to Dismiss, 5). Rather, Plaintiff solely contends that Miracle Financial improperly included the VZW Collection Fee in the letter dated June 10, 2010. However, "[a]llegations that the underlying debt was not owed to the creditor or that the creditor has not paid the debt collector the exact amount of a fee in no way affects the elements of this particular claim . . . [S]ection 1692f of the FDCPA addresses the conduct of the debt collector, not the validity of the underlying debt." Kennedy v. United Collection Bureau, No. 09-cv-05480, 2010 WL 445735, at *4 (D.N.J. 2010).

---

[3] The Court notes that in the Complaint, Plaintiff states that the applicable provision reads as follows: "We may also charge you for any collection agency fees that we are charged by a collection agency we use to collect from you if it is permitted by the law of the state where you have your billing address. . . " (Compl. ¶ 27). However, Plaintiff does not annex a copy of the applicable customer agreement to the Complaint. As discussed above, the Court treats this motion as labeled and declines to consider materials outside the pleadings . See supra note 1. However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document." Pension Benefit Guar. Corp. V. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993); In re Burlington Coat Factory Sec. Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997) (a court may consider a document that is integral to or explicitly relied on in the complaint without converting a motion to dismiss into one for summary judgment). Thus, the Court may properly consider the Verizon Customer Wireless Agreement submitted to the Court as Exhibit A to the Certification of Mr. Dumais without converting the instant motion to a motion for summary judgment.

In order to state a claim that withstands the requisite inquiry under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must describe in detail what, if any, actual collection activities the defendant undertook. See Kamara v. Columbia Home Loans, LLC, 654 F. Supp. 2d 259, 266 (E.D.Pa. 2009). Here, Plaintiff alleges that Miracle Financial sent one letter to Plaintiff. As discussed above, this section of the FDCPA addresses the *conduct* of the Debt Collector, not the validity of the underlying debt. Kennedy, 2010 WL 445735, at *4. Plaintiff does not suggest that Defendant made any other contact to attempt to collect the outstanding debt or otherwise. Thus, Hernandez does not plead any facts to suggest that Defendant used unconscionable or unfair means to collect or attempt to collect any money due Verizon and accordingly Plaintiff does not state a plausible right to relief on this ground.

### 3. Declaratory Judgment and Injunctive Relief

Plaintiff additionally seeks a declaratory judgment that Defendant violated the FDCPA and seeks to enjoin Defendant from future violations. As dictated by the Third Circuit, under the FDCPA, injunctive or declaratory relief are not available to litigants acting in an individual capacity. Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004) ("Because the statute explicitly provides declaratory and equitable relief only through action by the Federal Trade Commission, we believe the different penalty structure demonstrates Congress's intent to preclude equitable relief in private actions"). Thus, Plaintiff is entitled to neither a declaratory judgment nor an injunction.

## IV. CONCLUSION

9

Therefore, for the reasons stated above, Defendant Miracle Financial's motion to dismiss for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6) is granted in part and denied in part. Defendant's motion to dismiss is granted with respect to Plaintiff's FDCPA claim under 15 U.S.C. § 1692f and request for a declaratory judgment and an injunction. As amendment would be futile, Plaintiff's request for equitable relief is denied with prejudice. However, Plaintiff's cause of action under 15 U.S.C. § 1692f is dismissed without prejudice. Defendant's motion to dismiss Plaintiff's claim under 15 U.S.C. § 1692e is denied.

An appropriate Order accompanies this Opinion.

Dated: ~~November~~ December 13, 2011

Jose L. Linares
United States District Judge