**LITE DEPALMA GREENBERG, LLC**
Mayra V. Tarantino
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
(973) 623-3000
mtarantino@litedepalma.com

*Attorneys for Defendant Miracle Financial, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODOLFO HERNANDEZ, on behalf of himself and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MIRACLE FINANCIAL, INC. and JOHN DOES 1 TO 25,<br><br>Defendants. | Civil Action No: 11-4074(JLL)(MAH)<br><br>**MIRACLE FINANCIAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |

Defendant, Miracle Financial, Inc. ("Miracle Financial)"), by way of Answer to the First Amended Class Action Complaint and Jury Demand ("FAC") of the Plaintiff, states as follows:

## NATURE OF THE ACTION[1]

1. Miracle Financial admits that Plaintiff brings this action on behalf of himself and others similarly situated. However, Miracle Financial denies that Plaintiff can meet the requirements for maintaining a class action pursuant to Fed. R. Civ. P. 23. Miracle Financial denies that it violated § 1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collection Practices Act ("FDCPA"). Miracle denies that Plaintiff is entitled to any damages. Plaintiff cannot obtain

---

[1] Miracle Financial denies that it violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* The captions from the FAC do not contain any allegations, but are included herein for ease of reference.

declaratory or injunctive relief since the Court by Opinion and Order dated December 13, 2011 denied, with prejudice, Plaintiff's request for equitable relief (ECF Nos. 23 & 24).

## JURISDICTION AND VENUE

2. Miracle Financial admits the allegations in Paragraph 2 of the FAC.

3. Miracle Financial admits the allegations in Paragraph 3 of the FAC.

## PARTIES

4. Miracle Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the FAC.

5. Miracle Financial admits the allegations in Paragraph 5 of the FAC.

6. Miracle Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the FAC.

7. The allegations in Paragraph 7 of the FAC are vague and ambiguous; thus, Miracle Financial denies the allegations in Paragraph 7 of the FAC, except that Miracle Financial admits that its principal purpose is the collection of debts and that it uses the U.S. mail and telephone.

8. The allegations in Paragraph 8 of the FAC are vague and ambiguous; thus, Miracle Financial denies the allegations in Paragraph 8 of the FAC, except that Miracle Financial admits that it is a debt collection services company.

9. The allegations in Paragraph 9 of the FAC are vague and ambiguous; thus, Miracle Financial denies the allegations in Paragraph 9 of the FAC, except that Miracle Financial admits that it is a debt collection services company.

10. The allegations in Paragraph 10 of the FAC are vague and ambiguous; thus, Miracle Financial denies the allegations in Paragraph 10 of the FAC, except that Miracle Financial admits that it is a debt collection services company.

11. The allegations in Paragraph 11 of the FAC are vague and ambiguous; thus, Miracle Financial denies the allegations in Paragraph 11 of the FAC, except that Miracle Financial admits that it is a debt collection services company and that it uses the U.S. mail and telephone.

12. The allegations in Paragraph 12 of the FAC are vague and ambiguous; thus, Miracle Financial denies the allegations in Paragraph 12 of the FAC, except that Miracle Financial admits that it is a debt collection services company and that it uses the U.S. mail and telephone.

13. The allegations in Paragraph 13 of the FAC are vague and ambiguous; thus, Miracle Financial denies the allegations in Paragraph 13 of the FAC, except that Miracle Financial admits that its principal business is the collection of debts.

14. Miracle Financial admits that it is a debt collector within the meaning of 15 U.S.C. § 1692a(6), but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the FAC.

15. Miracle Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the FAC.

16. Miracle Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the FAC.

17. Miracle Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the FAC.

18. Miracle Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the FAC.

19. Miracle Financial admits that, attached as Exhibit A to the FAC, is a copy of a letter from Miracle Financial to Rodolfo Hernandez, dated June 10, 2010 in redacted form.

20. Miracle Financial admits the allegations contained in Paragraph 20 of the FAC.

21. Miracle Financial admits the allegations contained in Paragraph 21 of the FAC.

22. Miracle Financial admits the allegations contained in Paragraph 22 of the FAC.

23. Miracle Financial admits that the June 10, 2010 letter attached as Exhibit A to the FAC, reflects the Total Amount Due as $5700.22.

24. Miracle Financial admits that the June 10, 2010 letter attached as Exhibit A to the FAC, reflects the Total Amount Due as $5700.22.

25. Miracle Financial admits that the June 10, 2010 letter attached as Exhibit A to the FAC, reflects the Principal Balance as $4830.70.

26. Miracle Financial admits that the June 10, 2010 letter attached as Exhibit A to the FAC, included "VZW Collection Fees" in the amount of $869.52, which were calculated by Verizon Wireless. Miracle Financial admits that $869.52 is 18% of $4,830.70 rounding down to the nearest penny. Miracle Financial denies the remaining allegations contained in Paragraph 26 of the FAC.

27. Miracle Financial denies the allegations contained in Paragraph 27 of the FAC.

28. Miracle Financial denies the allegations contained in Paragraph 28 of the FAC.

29. Miracle Financial denies the allegations contained in Paragraph 29 of the FAC.

30. Miracle Financial denies the allegations contained in Paragraph 30 of the FAC.

31. Miracle Financial admits that, attached as Exhibit B to the FAC, is a copy of a letter from Chase Receivables to Rodolfo Hernandez, dated March 18, 2011. However, Miracle Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the FAC.

32. Miracle Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the FAC.

33.     Miracle Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the FAC.

34.     Miracle Financial admits that, attached as Exhibit C to the FAC, is a copy of a document entitled "Chase Receivables" dated April 21, 2011.  However, Miracle Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the FAC.

35.     Miracle Financial is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the FAC.

36.     Miracle Financial denies the allegations contained in Paragraph 36 of the FAC.

37.     Miracle Financial denies the allegations contained in Paragraph 37 of the FAC.

38.     Miracle Financial denies the allegations contained in Paragraph 38 of the FAC.

39.     Miracle Financial denies the allegations contained in Paragraph 39 of the FAC.

40.     Miracle Financial denies the allegations contained in Paragraph 40 of the FAC.

41.     Miracle Financial denies the allegations contained in Paragraph 41 of the FAC.

## CLASS ACTION ALLEGATIONS

42.     Miracle Financial admits that Plaintiff brings this action as a class action, but denies that it can proceed as a class action pursuant to Fed. R. Civ. P. 23.  Further, R. 4:32 of the New Jersey Court Rules is inapplicable since the Federal Rules of Civil Procedure govern over this matter.

43.     Miracle Financial admits that Plaintiff seeks to recover damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act, but denies that Plaintiff is entitled to recover any damages, attorney's fees or costs on behalf of all class members under the Fair Debt Collection Practices Act.  Further, Miracle Financial denies that Plaintiff can meet the requirements for maintaining a class action pursuant to Fed. R. Civ. P. 23.

44.	Miracle Financial denies the allegations in Paragraph 44 of the FAC.  Further, Miracle Financial denies that Plaintiff can meet the requirements for maintaining a class action pursuant to Fed. R. Civ. P. 23.

45.	Miracle Financial denies the allegations in Paragraph 45 of the FAC.  Further, Miracle Financial denies that Plaintiff can meet the requirements for maintaining a class action pursuant to Fed. R. Civ. P. 23.

46.	Miracle Financial denies the allegations in Paragraph 46 of the FAC.  Further, Miracle Financial denies that Plaintiff can meet the requirements for maintaining a class action pursuant to Fed. R. Civ. P. 23.

47.	Miracle Financial denies the allegations in Paragraph 47 of the FAC.  Further, Miracle Financial denies that Plaintiff can meet the requirements for maintaining a class action pursuant to Fed. R. Civ. P. 23.

48.	Miracle Financial denies the allegations in Paragraph 48 of the FAC.  Further, Miracle Financial denies that Plaintiff can meet the requirements for maintaining a class action pursuant to Fed. R. Civ. P. 23.

49.	Miracle Financial denies the allegations in Paragraph 49 of the FAC.  Further, Miracle Financial denies that Plaintiff can meet the requirements for maintaining a class action pursuant to Fed. R. Civ. P. 23.

50.	Miracle Financial denies the allegations in Paragraph 50 of the FAC.  Further, Miracle Financial denies that Plaintiff can meet the requirements for maintaining a class action pursuant to Fed. R. Civ. P. 23.

51.	Miracle Financial denies the allegations in Paragraph 51 of the FAC.  Further, Miracle Financial denies that Plaintiff can meet the requirements for maintaining a class action pursuant to Fed. R. Civ. P. 23.

52.     Miracle Financial denies the allegations in Paragraph 52 of the FAC.  Further, Miracle Financial denies that Plaintiff can meet the requirements for maintaining a class action pursuant to Fed. R. Civ. P. 23.

53.     Miracle Financial denies the allegations in Paragraph 53 of the FAC.  Further, Miracle Financial denies that Plaintiff can meet the requirements for maintaining a class action pursuant to Fed. R. Civ. P. 23.  Further, Plaintiff cannot obtain declaratory or injunctive relief since the Court by Opinion and Order dated December 13, 2011 denied, with prejudice, Plaintiff's request for equitable relief (ECF Nos. 23 & 24).

54.     Plaintiff makes no allegations in Paragraph 54 of the FAC.  To the extent that he has, Miracle Financial denies the allegations in Paragraph 54 of the FAC, and further denies that Plaintiff can meet the requirements for maintaining a class action pursuant to Fed. R. Civ. P. 23.

## FIRST CLASS COUNT
### Fair Debt Collection Practices Act Violations

55.     Miracle Financial restates and incorporates by reference its responses to the allegations contained in Paragraph 1-54 of the FAC.

56.     Miracle Financial denies the allegations in Paragraph 56 of the FAC.

57.     Miracle Financial denies the allegations in Paragraph 57 of the FAC.

58.     Miracle Financial denies the allegations in Paragraph 58 of the FAC.  Further, by Opinion and Order dated December 13, 2011, the Court dismissed Plaintiff's claims under 15 U.S.C. § 1692f without prejudice and with leave to amend within 30 days (ECF Nos. 23 & 24).  Plaintiff has not amended the FAC; thus, Plaintiff's claims under 15 U.S.C.§ 1692f are deemed to be dismissed with prejudice.

59.     Miracle Financial denies the allegations in Paragraph 59 of the FAC.  Further, by Opinion and Order dated December 13, 2011, the Court dismissed Plaintiff's claims under 15 U.S.C.§

1692f without prejudice and with leave to amend within 30 days (ECF Nos. 23 & 24).  Plaintiff has not amended the FAC; thus, Plaintiff's claims under 15 U.S.C.§ 1692f are deemed to be dismissed with prejudice.

60. Miracle Financial denies the allegations in Paragraph 60 of the FAC.

61. Miracle Financial denies the allegations in Paragraph 61 of the FAC.

62. Miracle Financial denies the allegations in Paragraph 62 of the FAC.  Further, by Opinion and Order dated December 13, 2011, the Court dismissed Plaintiff's claims under 15 U.S.C.§ 1692f without prejudice and with leave to amend within 30 days (ECF Nos. 23 & 24).  Plaintiff has not amended the FAC; thus, Plaintiff's claims under 15 U.S.C.§ 1692f are deemed to be dismissed with prejudice.

63. Miracle Financial denies the allegations in Paragraph 63 of the FAC.  Further, by Opinion and Order dated December 13, 2011, the Court dismissed Plaintiff's claims under 15 U.S.C.§ 1692f without prejudice and with leave to amend within 30 days (ECF Nos. 23 & 24).  Plaintiff has not amended the FAC; thus, Plaintiff's claims under 15 U.S.C.§ 1692f(1) are deemed to be dismissed with prejudice.

64. Miracle Financial denies the allegations in Paragraph 64 of the FAC.

## **AFFIRMATIVE DEFENSES**

Miracle Financial hereby asserts the following affirmative defenses to the FAC.  However, Plaintiff's claims are generalized and conclusory and Miracle Financial cannot fully anticipate all the affirmative defenses that may be asserted in the within action.  Accordingly, Miracle Financial reserves the right to interpose such other and further defenses as continuing investigation and discovery may reveal.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's FAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

The actions of Miracle Financial were in all respects proper, and in accordance with applicable law, including, but not limited to, the FDCPA.

## FOURTH AFFIRMATIVE DEFENSE

Miracle Financial's June 10, 2010 letter attached as Exhibit A to the FAC complied with the requirements of 15 U.S.C. § 1692g, including listing separately the Principal Balance due and the VZW Collection Fees, which was calculated and added by Verizon Wireless prior to sending the account to Miracle Financial for collections.  Miracle Financial did not calculate or add a collection fee.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action herein is barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any actionable damages.

## TENTH AFFIRMATIVE DEFENSE

Without actionable damages, Plaintiff lacks standing to bring this case on behalf of himself and the putative class.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff can show that he suffered any financial detriment or other harm, Miracle Financial was not the proximate cause.

## TWELFTH AFFIRMATIVE DEFENSE

Any damages allegedly suffered by Plaintiff were caused by the acts or omissions of third parties over whom Miracle Financial has no control.

**WHEREFORE**, Miracle Financial respectfully requests that this Court deny Plaintiff's requested relief,[2] dismiss the FAC in its entirety with prejudice, and award Miracle Financial attorneys' fees and costs, and such other relief as the Court deems just, proper and equitable.


Dated:  January 20, 2012           **LITE DEPALMA GREENBERG, LLC**

                         By:   *s/Mayra V. Tarantino*
                               Mayra V. Tarantino
                               Two Gateway Center, Suite 1201
                               Newark, New Jersey  07102
                               (973) 623-3000
                               mtarantino@litedepalma.com

                               *Attorneys for Defendant Miracle Financial, Inc.*

---

[2] Plaintiff's request for declaratory or injunctive relief has already been denied with prejudice by Opinion and Order of the Court, dated December 13, 2011 (ECF Nos. 23 & 24).

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  January 20, 2012            **LITE DEPALMA GREENBERG, LLC**

By:    *s/Mayra V. Tarantino*
Mayra V. Tarantino
Two Gateway Center, Suite 1201
Newark, NJ  07102
(973) 623-3000
mtarantino@litedepalma.com

*Attorneys for Defendant Miracle Financial, Inc.*

## **CERTIFICATE OF SERVICE**

I, Mayra V. Tarantino, hereby certify that, on this day, a true and correct copy of the foregoing **MIRACLE FINANCIAL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** was served on counsel for Plaintiff via the Court's ECF System and by email.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  January 20, 2012                              *s/Mayra V. Tarantino*
                                                                            Mayra V. Tarantino